**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| LASHUNDRA RACHELLE SHEPHERD-COX; ARIK COX; ARIK COX JR.; and MANUEL COX; | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | **Case No. 3:26-cv-919** |
| BALIJINDER SINGH; RANI TRANSPORTATION, INC; SAHI BROTHERS INC.; and THE KROGER CO.; | ) ) ) ) ) | **Plaintiffs Demand a Jury Trial** |
| Defendants. | ) ) ) | |

## COMPLAINT

NOW COME the Plaintiffs Lashundra Shepherd-Cox, Arik Cox, Arik Cox Jr., and

Manuel Cox, by and through their attorneys, WLG CHICAGO, LLC, and complaining of

Defendants Baljinder Singh, Sahi Brothers, Inc., Rani Transportation, Inc., and The Kroger Co.

and states as follows:

## JURISDICTION AND VENUE

1.  Plaintiff Lashundra Shepherd-Cox is an individual resident of Dallas, Dallas County, Texas.

2.  Plaintiff Lashundra Shepherd-Cox is a citizen of Texas and the United States District Court

    for the Northern District of Texas for the purposes of diversity jurisdiction.

3.  Plaintiff Arik Cox is an individual resident of Dallas, Dallas County, Texas.

4.  Plaintiff Arik Cox is a citizen of Texas and the United States District Court for the Northern

    District of Texas for the purposes of diversity jurisdiction.

5.  Plaintiff Arik Cox Jr. is an individual resident of Dallas, Dallas County, Texas.

COMPLAINT - Page 1

6. Plaintiff Arik Cox Jr. is a citizen of Texas and the United States District Court for the Northern District of Texas for the purposes of diversity jurisdiction.

7. Plaintiff Manuel Cox is an individual resident of Fort Worth, Tarrant County, Texas.

8. Plaintiff Manuel Cox a citizen of Texas and the United States District Court for the Northern District of Texas for the purposes of diversity jurisdiction.

9. Defendant Baljinder Singh is an individual resident of Fresno, Fresno County, California and may be served with process at 2109 East Brandywine Lane, Fresno, California 93720.

10. Defendant Baljinder Singh is a citizen of California and the United States District Court for the Eastern District of California for the purposes of diversity jurisdiction.

11. Defendant Sahi Brothers, Inc. is a California corporation with its principal place of business in Fresno, Fresno County, California and may be served with process by serving its registered agent, Baljinder Singh, at 2109 East Bradywine Lane, Fresno, California 93720.

12. Defendant Sahi Brothers, Inc. is a corporation domiciled in California and the United States District Court for the Eastern District of California for the purposes of diversity jurisdiction.

13. Defendant Rani Transportation, Inc. is a California corporation with its principal place of business in Fresno, Fresno County, California and may be served with process by serving its registered agent, Satnam Singh Bhullar, at 5815 North Torrey Pines Avenue, Fresno, California 93723.

14. Defendant Sahi Brothers, Inc. is a corporation domiciled in California and the United States District Court for the Eastern District of California for the purposes of diversity jurisdiction.

15. Defendant The Kroger Co. is an Ohio corporation with its principal place of business in Cincinnati, Hamilton County, Ohio and may be served with process by serving its registered

agent, Illinois Corporation Service Company, at 801 Adlai Stevenson Drive, Springfield, Illinois 62703.

16. Defendant The Kroger Co. is a corporation domiciled in Ohio and the United States District Court for the Southern District of Ohio for the purposes of diversity jurisdiction.

17. Jurisdiction is proper in the United States District Court, Southern District of Illinois, pursuant to 28 U.S.C. 1332, Diversity of citizenship.

18. Venue is proper in the United States District Court, Southern District of Illinois pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to this action occurred within this District.

19. The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## FACTUAL BACKGROUND

20. This lawsuit arises out of a motor vehicle collision that occurred on or about Sunday, January 5, 2025, at or near Eastbound Interstate 70, approximately 0.25 Mile west of Milepost 123, within the city limits of Vevay Park, Cumberland County, Illinois.

21. On or about January 5, 2025, Plaintiff, Lashundra Shepherd-Cox, was operating her vehicle eastbound on Interstate 70, approximately 0.25 Mile west of Milepost 123, within the city limits of Vevay Park, Cumberland County, Illinois in the leftmost lane. Plaintiffs Arik Cox, Arik Cox Jr., and Manuel Cox were passengers in Plaintiff Lashundra Shepherd-Cox's vehicle.

22. On or about January 5, 2025, Defendant Baljinder Singh, was operating his tractor-trailer in the lane to the right of Plaintiffs' vehicle headed in the same direction.

COMPLAINT - Page 3

23. Defendant Baljinder Singh lost control of his tractor-trailer, failed to slow and/or stop, and collided hard with the back right side of Plaintiffs' vehicle.

24. At the aforesaid time, and all relevant times herein, Defendant Baljinder Singh was operating a tractor trailer owned by Defendant Sahi Brothers, Inc. as the actual and/or apparent agent and/or employee of Defendant Sahi Brothers, Inc., acting in the course and scope of his duties with Defendant Sahi Brothers, Inc.

25. At the aforesaid time, and all relevant times herein, Defendant Baljinder Singh was operating a tractor trailer owned by Defendant Rani Transportation, Inc., as the actual and/or apparent agent and/or employee of Defendant Rani Transportation, Inc., acting in the course and scope of his duties with Defendant Rani Transportation, Inc.

26. Defendant Baljinder Singh, was operating a tractor trailer, as an employee and/or agent of Defendant Sahi Brothers, Inc. and/or Defendant Rani Transportation, Inc. in a joint-venture with Defendant The Kroger, Co.

27. As a result of the collision, Plaintiffs were injured and continue to suffer injuries and damages from this incident.

28. Defendant Rani Transportations has a history of documented crashes, out of service vehicles which would cause a reasonably prudent entity to not select Rani Transportation.

29. Defendant Sahi Brothers has a history of violations and revocations which would cause a reasonably prudent entity to not select Sahi Brothers.

## COUNT I:
## LASHUNDRA RACHELLE SHEPHERD-COX CLAIM FOR NEGLIGENCE AGAINST BALJINDER SINGH

30. Plaintiff adopts and re-alleges all prior paragraphs as if fully set forth herein.

COMPLAINT - Page 4

31. At the time of the motor vehicle collision, Defendant Baljinder Singh, while in the course and scope of his employment/agency with and operating under the Federal Motor Carrier authority of Sahi Brothers, Inc., was operating his tractor-trailer on Eastbound Interstate 70, approximately 0.25 Mile west of Milepost 123, within the city limits of Vevay Park, Cumberland County, Illinois.

32. At all relevant times, it was the duty of the Defendant to operate, maintain, and control his tractor-trailer in a manner so as not to negligently cause injury to persons lawfully on the public way, including Plaintiffs.

33. Specifically, Defendant Baljinder Singh had a duty to exercise ordinary care and operate his tractor-trailer reasonably and prudently.  Defendant breached that duty in one or more of the following respects:

   a. Failing to keep such proper lookout and attention to the roadway as a person of ordinary prudence would have kept under the same or similar circumstances;

   b. Failing to control the speed of his tractor-trailer;

   c. Failing to decrease speed to use due care and avoid colliding with Plaintiff's vehicle pursuant to 625 ILCS 5/11-601(a);

   d. Failing to keep the proper lookout 12 to 15 seconds ahead for vehicles, such as the one Plaintiff Lashundra Shepherd-Cox was operating, while driving his tractor-trailer;

   e. Failing to keep an assured safe distance from Plaintiff's vehicle;

   f. Failing to timely apply the brakes of his tractor-trailer in order to avoid the collision in question;

   g. Failing to turn his tractor-trailer in an effort to avoid the collision; and

34. As a direct and proximate result of one or more of the foregoing wrongful acts and/or omissions of Defendant Baljinder Singh, Plaintiff Lashundra Shepherd-Cox was seriously

and permanently injured. As a result of Plaintiff Lashundra Shepherd-Cox's injuries, Plaintiff Lashundra Shepherd-Cox suffered the following damages:

a.  Medical expenses in the past and future;

b.  Lost wages in the past and loss of earning capacity in the future;

c.  Property damage and the loss of use;

d.  Disfigurement;

e.  Physical pain and suffering in the past and future;

f.  Mental anguish in the past and future; and

g.  Disability or loss of normal life.

WHEREFORE, the Plaintiff, Lashundra Shepherd-Cox, prays for judgment against the Defendant, Baljinder Singh, in such an amount and sum in excess of and over SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), held jointly and severally liable, as will fairly and adequately compensate the Plaintiffs for injuries, losses, and damages as herein above alleged, costs of suit, and for such other and further relief which this Honorable Court deems fair and just.

### COUNT II:
### LASHUNDRA RACHELLE SHEPHERD-COX CLAIM OF RESPONDEAT SUPERIOR AGAINST DEFENDANT SAHI BROTHERS, INC.

35.  Plaintiff adopts and re-alleges all prior paragraphs as if fully set forth herein.

36.  On the 5th day of January, 2025, and at all times relevant hereto, Defendant Sahi Brothers, Inc. was a motor carrier under the Federal Motor Carrier Safety Regulations ("FMCSR").

37.  At said time and place, Defendant Baljinder Singh was operating the tractor-trailer with the consent of Defendant Sahi Brothers, Inc.

COMPLAINT - Page 6

38. At said time and place, Defendant Baljinder Singh was operating the tractor-trailer in the course and scope of his employment with Defendant Sahi Brothers, Inc.

39. At said time and place, Defendant Baljinder Singh was operating a tractor-trailer owned and registered to the Defendant, Sahi Brothers, Inc.

40. At said time and place, Defendant Baljinder Singh was operating the tractor-trailer under the operating authority of the Defendant, Sahi Brothers, Inc., with the knowledge, consent and/or implied permission of Defendant Sahi Brothers, Inc.

41. At the aforesaid time, and all relevant times herein, Defendant Sahi Brothers, Inc. had a right of control over its employee and/or agent, Defendant Baljinder Singh, in the operation of the aforesaid motor vehicle.

42. At the aforesaid time, and all relevant times herein, said employee and/or agent of Defendant Sahi Brothers, Inc., Defendant Baljinder Singh, was conducting himself in such a manner as to cause members of the general public, including the Plaintiffs, to believe that he was an employee and/or agent of the Defendant Sahi Brothers, Inc.

43. At said time and place, and at all times relevant to this matter, it was the duty of Defendant Sahi Brothers, Inc., by and through its agent, Baljinder Singh, to operate the tractor-trailer with ordinary care for the safety of others and the property of others there and then upon the roadway.

44. At all times relevant hereto, Defendant Sahi Brothers, Inc. is vicariously liable for the actions of its employees, agents, and servants including Defendant Baljinder Singh.

45. On the 5th day of January, 2025, Defendant Baljinder Singh, while in the course and scope of his employment with Sahi Brothers, Inc., while operating the tractor-trailer at the

aforementioned time and place, then and there committed one or more of the following

negligent acts or omissions:

a.   Failing to keep such proper lookout and attention to the roadway as a person of
     ordinary prudence would have kept under the same or similar circumstances;

b.   Failing to control the speed of his tractor-trailer;

c.   Failing to decrease speed to use due care and avoid colliding with Plaintiff's vehicle
     pursuant to 625 ILCS 5/11-601(a);

d.   Failing to keep the proper lookout 12-15 seconds ahead for vehicles such as the one
     Plaintiff Lashundra Shepherd-Cox was operating while driving the tractor-trailer;

e.   Failing to keep an assured safe distance from Plaintiff's vehicle;

f.   Failing to timely apply the brakes of his tractor-trailer in order to avoid the collision in
     question;

g.   Failing to turn his tractor-trailer in an effort to avoid the collision;

46.  As a direct and proximate result of one or more of the foregoing wrongful acts and/or

omissions of Defendant Sahi Brothers, Inc., Plaintiff Lashundra Shepherd-Cox was

seriously and permanently injured. As a result of Plaintiff Lashundra Shepherd-Cox 's

injuries, Plaintiff Lashundra Shepherd-Cox suffered the following damages:

a.   Medical expenses in the past and future;

b.   Lost wages in the past and loss of earning capacity in the future;

c.   Property damage and the loss of use;

d.   Disfigurement;

e.   Physical pain and suffering in the past and future;

f.   Mental anguish in the past and future; and

g.   Disability or loss of normal life.

WHEREFORE, the Plaintiff, Lashundra Shepherd-Cox, prays for judgment against the Defendant, Sahi Brothers, Inc., in such an amount and sum in excess of and over SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), held jointly and severally liable, as will fairly and adequately compensate the Plaintiffs for injuries, losses, and damages as herein above alleged, costs of suit, and for such other and further relief which this Honorable Court deems fair and just.

## COUNT III:
### LASHUNDRA RACHELLE SHEPHERD-COX CLAIM FOR NEGLIGENCE AGAINST DEFENDANT SAHI BROTHERS, INC.

47. Plaintiff adopts and re-alleges all prior paragraphs as if fully set forth herein.

48. At the time of the motor vehicle collision, Defendant Baljinder Singh, while in the course and scope of his employment with and operating under the Federal Motor Carrier authority of Sahi Brothers, Inc., was operating his tractor-trailer on Eastbound Interstate 70, approximately 0.25 Mile west of Milepost 123, within the city limits of Vevay Park, Cumberland County, Illinois.

49. At all relevant times, it was the duty of Defendant Sahi Brothers, Inc. to ensure that its employee, Defendant Baljinder Singh, was properly trained and following the Illinois Rules of the Road.

50. At all relevant times, it was the duty of Defendant Sahi Brothers, Inc. to ensure that its employee, Defendant Baljinder Singh, was educated in the Illinois Rules of the Road, regulations under the Federal Motor Carrier, and CDL safety regulations, and that Baljinder Singh complied with those regulations.

51. At all relevant times, it was the duty of Defendant Sahi Brothers, Inc. to ensure its employee, Defendant Baljinder Singh, was a safe driver who was competent in driving a tractor-trailer and was able to drive for the company in a way that was safe to the general public.

52. Specifically, Defendant Sahi Brothers, Inc. had a duty to exercise ordinary care and ensure that Baljinder Singh, was able to operate his tractor-trailer reasonably and prudently. Defendant breached that duty in one or more of the following respects:

   a. Failing to train or ensure that Baljinder Singh knew to keep such proper lookout and attention to the roadway as a person of ordinary prudence would have kept under the same or similar circumstances;

   b. Failing to train or ensure that Baljinder Singh knew to keep the proper lookout 12-15 seconds ahead for vehicles such as the one Plaintiff Lashundra Shepherd-Cox was operating while driving the tractor-trailer;

   c. Failing to train or ensure that Baljinder Singh knew to control the speed of his tractor-trailer;

   d. Failing to train or ensure that Baljinder Singh knew to keep an assured safe distance from Plaintiff's vehicle;

   e. Failing to train or ensure that Baljinder Singh knew to timely apply the brakes of his tractor-trailer in order to avoid the collision in question;

   f. Failing to train or ensure that Baljinder Singh knew to decrease speed to use due care and avoid colliding with Plaintiff's vehicle pursuant to 625 ILCS 5/11-601(a);

   g. Failing to train or ensure that Baljinder Singh knew to turn his tractor-trailer in an effort to avoid the collision; and

53. As a direct and proximate result of one or more of the foregoing wrongful acts and/or omissions of Defendant Sahi Brothers, Inc., Plaintiff Lashundra Shepherd-Cox was seriously and permanently injured. As a result of Plaintiff Lashundra Shepherd-Cox 's injuries, Plaintiff Lashundra Shepherd-Cox suffered the following damages:

a.   Medical expenses in the past and future;

b.   Lost wages in the past and loss of earning capacity in the future;

c.   Property damage and loss of use;

d.   Disfigurement;

e.   Physical pain and suffering in the past and future;

f.   Mental anguish in the past and future; and

g.   Disability or loss of normal life;

WHEREFORE, the Plaintiff, Lashundra Shepherd-Cox, prays for judgment against the Defendant, Sahi Brothers, Inc., in such an amount and sum in excess of and over SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), held jointly and severally liable, as will fairly and adequately compensate the Plaintiffs for injuries, losses, and damages as herein above alleged, costs of suit, and for such other and further relief which this Honorable Court deems fair and just.

### COUNT IV:
### LASHUNDRA RACHELLE SHEPHERD-COX CLAIM FOR NEGLIGENT BROKERAGE AGAINST DEFENDANT RANI TRANSPORTATION, INC.

54.   Plaintiff adopts and re-alleges all prior paragraphs as if fully set forth herein.

55.   At all times relevant hereto, Defendant Rani Transportation, Inc. was a motor carrier and/or freight broker engaged in the business of arranging for the transportation of freight and cargo in interstate commerce.

56.   Defendant The Kroger Co. hired and/or engaged Defendant Rani Transportation, Inc. to transport and/or arrange for the transportation of goods. Defendant Rani Transportation, Inc. thereafter double-brokered the load to Defendant Sahi Brothers, Inc.

COMPLAINT - Page 11

57. Defendant Rani Transportation, Inc. had a duty to exercise reasonable care in the brokerage and/or arrangement of the transportation of freight, including a duty to exercise reasonable care in the selection of motor carriers to whom it brokered or assigned loads.

58. Defendant Rani Transportation, Inc. breached its duty of care in one or more of the following respects:

   a. Failing to exercise reasonable care in selecting Sahi Brothers, Inc. as a motor carrier to transport the load;

   b. Failing to investigate or verify the safety record, qualifications, and/or fitness of Sahi Brothers, Inc. before brokering the load;

   c. Failing to ensure that Sahi Brothers, Inc. maintained adequate safety standards and compliance with Federal Motor Carrier Safety Regulations;

   d. Failing to verify that the driver assigned by Sahi Brothers, Inc., Defendant Baljinder Singh, was properly qualified, trained, and fit to operate a tractor-trailer;

59. As a direct and proximate result of one or more of the foregoing wrongful acts and/or omissions of Defendant Rani Transportation, Inc., Plaintiff Lashundra Shepherd-Cox was seriously and permanently injured. As a result of Plaintiff Lashundra Shepherd-Cox's injuries, Plaintiff Lashundra Shepherd-Cox suffered the following damages:

   a. Medical expenses in the past and future;

   b. Lost wages in the past and loss of earning capacity in the future;

   c. Property damage and loss of use;

   d. Disfigurement;

   e. Physical pain and suffering in the past and future;

   f. Mental anguish in the past and future; and

   g. Disability or loss of normal life;

WHEREFORE, the Plaintiff, Lashundra Shepherd-Cox, prays for judgment against the Defendant, Rani Transportation, Inc., in such an amount and sum in excess of and over SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), held jointly and severally liable, as will fairly and adequately compensate the Plaintiffs for injuries, losses, and damages as herein above alleged, costs of suit, and for such other and further relief which this Honorable Court deems fair and just.

## COUNT V:
### LASHUNDRA RACHELLE SHEPHERD-COX CLAIMS FOR RESPONDEAT SUPERIOR AGAINST DEFENDANT RANI TRANSPORTATION, INC.

60. Plaintiff adopts and re-alleges all prior paragraphs as if fully set forth herein.

61. On the 5th day of January, 2025, and at all times relevant hereto, Defendant Rani Transportation, Inc. was a motor carrier under the Federal Motor Carrier Safety Regulations ("FMCSR").

62. At said time and place, Defendant Baljinder Singh was operating the tractor-trailer with the consent of Defendant Rani Transportation, Inc.

63. At said time and place, Defendant Baljinder Singh was operating the tractor-trailer in the course and scope of his employment with Defendant Rani Transportation, Inc.

64. At said time and place, Defendant Baljinder Singh was operating a tractor-trailer owned and registered to the Defendant, Rani Transportation, Inc.

65. At said time and place, Defendant Baljinder Singh was operating the tractor-trailer under the operating authority of the Defendant, Rani Transportation, Inc., with the knowledge, consent and/or implied permission of Defendant Rani Transportation, Inc.

66.  At the aforesaid time, and all relevant times herein, Defendant Rani Transportation, Inc. had a right of control over its employee and/or agent, Defendant Baljinder Singh, in the operation of the aforesaid motor vehicle.

67.  At the aforesaid time, and all relevant times herein, said employee and/or agent of Defendant Rani Transportation, Inc., Defendant Baljinder Singh, was conducting himself in such a manner as to cause members of the general public, including the Plaintiffs, to believe that he was an employee and/or agent of the Defendant Rani Transportation, Inc.

68.  At said time and place, and at all times relevant to this matter, it was the duty of Defendant Rani Transportation, Inc., by and through its agent, Baljinder Singh, to operate the tractor-trailer with ordinary care for the safety of others and the property of others there and then upon the roadway.

69.  At all times relevant hereto, Defendant Rani Transportation, Inc. is vicariously liable for the actions of its employees, agents, and servants including Defendant Baljinder Singh.

70.  On the 5th day of January, 2025, Defendant Baljinder Singh, while in the course and scope of his employment with Rani Transportation, Inc., while operating the tractor-trailer at the aforementioned time and place, then and there committed one or more of the following negligent acts or omissions:

a.  Failing to keep such proper lookout and attention to the roadway as a person of ordinary prudence would have kept under the same or similar circumstances;

b.  Failing to control the speed of his tractor-trailer;

c.  Failing to decrease speed to use due care and avoid colliding with Plaintiff's vehicle pursuant to 625 ILCS 5/11-601(a);

d.  Failing to keep the proper lookout 12-15 seconds ahead for vehicles such as the one Plaintiff was operating while driving the tractor-trailer;

COMPLAINT - Page 14

e.   Failing to keep an assured safe distance from Plaintiff's vehicle;

f.   Failing to timely apply the brakes of his tractor-trailer in order to avoid the collision in question;

g.   Failing to turn his tractor-trailer in an effort to avoid the collision; and

71.   As a direct and proximate result of one or more of the foregoing wrongful acts and/or omissions of Defendant Rani Transportation, Inc., Plaintiff Lashundra Shepherd-Cox was seriously and permanently injured. As a result of Plaintiff Lashundra Shepherd-Cox 's injuries, Plaintiff Lashundra Shepherd-Cox suffered the following damages:

a.   Medical expenses in the past and future;

b.   Lost wages in the past and loss of earning capacity in the future;

c.   Property damage and loss of use;

d.   Disfigurement;

e.   Physical pain and suffering in the past and future;

f.   Mental anguish in the past and future; and

g.   Disability or loss of normal life.

WHEREFORE, the Plaintiff, Lashundra Shepherd-Cox, prays for judgment against the Defendant, Rani Transportation, Inc., in such an amount and sum in excess of and over SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), held jointly and severally liable, as will fairly and adequately compensate the Plaintiffs for injuries, losses, and damages as herein above alleged, costs of suit, and for such other and further relief which this Honorable Court deems fair and just.

## COUNT VI:

## LASHUNDRA RACHELLE SHEPHERD-COX CLAIM FOR NEGLIGENCE AGAINST DEFENDANT RANI TRANSPORTATION, INC.

72. Plaintiff adopts and re-alleges all prior paragraphs as if fully set forth herein.

73. At the time of the motor vehicle collision, Defendant Baljinder Singh, while in the course and scope of his employment with and operating under the Federal Motor Carrier authority of Rani Transportation, Inc., was operating his tractor-trailer on Eastbound Interstate 70, approximately 0.25 Mile west of Milepost 123, within the city limits of Vevay Park, Cumberland County, Illinois.

74. At all relevant times, it was the duty of Defendant Rani Transportation, Inc. to ensure that its employee, Defendant Baljinder Singh, was properly trained and following the Illinois Rules of the Road.

75. At all relevant times, it was the duty of Defendant Rani Transportation, Inc. to ensure that its employee, Defendant Baljinder Singh, was educated in the Illinois Rules of the Road, regulations under the Federal Motor Carrier, and CDL safety regulations, and that Baljinder Singh complied with those regulations.

76. Specifically, Defendant Rani Transportation, Inc. had a duty to exercise ordinary care and ensure that Baljinder Singh, was able to operate his tractor-trailer reasonably and prudently. Defendant breached that duty in one or more of the following respects:

   a. Failing to train or ensure that Baljinder Singh knew to keep such proper lookout and attention to the roadway as a person of ordinary prudence would have kept under the same or similar circumstances;

   b. Failing to train or ensure that Baljinder Singh knew to keep the proper lookout 12-15 seconds ahead for vehicles such as the one Plaintiff was operating while driving the tractor-trailer;

COMPLAINT - Page 16

    c.    Failing to train or ensure that Baljinder Singh knew to control the speed of his tractor-trailer;

    d.    Failing to train or ensure that Baljinder Singh knew to keep an assured safe distance from Plaintiff's vehicle;

    e.    Failing to train or ensure that Baljinder Singh knew to timely apply the brakes of his tractor-trailer in order to avoid the collision in question;

    f.    Failing to train or ensure that Baljinder Singh knew to decrease speed to use due care and avoid colliding with Plaintiff's vehicle pursuant to 625 ILCS 5/11-601(a);

    g.    Failing to train or ensure that Baljinder Singh knew to turn his tractor-trailer in an effort to avoid the collision; and

77. As a direct and proximate result of one or more of the foregoing wrongful acts and/or omissions of Defendant Rani Transportation, Inc., Plaintiff Lashundra Shepherd-Cox was seriously and permanently injured. As a result of Plaintiff Lashundra Shepherd-Cox 's injuries, Plaintiff Lashundra Shepherd-Cox suffered the following damages:

    a.    Medical expenses in the past and future;

    b.    Lost wages in the past and loss of earning capacity in the future;

    c.    Property damage and loss of use;

    d.    Disfigurement;

    e.    Physical pain and suffering in the past and future;

    f.    Mental anguish in the past and future; and

    g.    Disability or loss of normal life.

    WHEREFORE, the Plaintiff, Lashundra Shepherd-Cox, prays for judgment against the Defendant, Rani Transportation, Inc., in such an amount and sum in excess of and over SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), held jointly and severally liable, as will fairly and adequately compensate the Plaintiffs for injuries, losses, and damages as herein

COMPLAINT - Page 17

above alleged, costs of suit, and for such other and further relief which this Honorable Court deems fair and just.

<u>COUNT VII:</u>

**LASHUNDRA RACHELLE SHEPHERD-COX CLAIM FOR NEGLIGENT SELECTION OF MOTOR CARRIER AGAINST DEFENDANT THE KROGER CO.**

78. Plaintiff adopts and re-alleges all prior paragraphs as if fully set forth herein.

79. At all times relevant hereto, Defendant The Kroger Co. was a shipper and/or receiver of goods engaged in the transportation of freight in interstate commerce.

80. Defendant The Kroger Co. hired, engaged, and/or contracted with Defendant Sahi Brothers, Inc. as a motor carrier to transport goods on its behalf.

81. Defendant The Kroger Co. had a duty to exercise reasonable care in the selection of a motor carrier to transport goods on its behalf, including a duty to investigate the safety record, qualifications, and fitness of any motor carrier it engaged.

82. Defendant The Kroger Co. breached its duty of care in one or more of the following respects:

    a. Failing to exercise reasonable care in selecting Sahi Brothers, Inc. as a motor carrier;

    b. Failing to investigate or verify the safety record, qualifications, and/or fitness of Sahi Brothers, Inc. before engaging it to transport goods;

    c. Failing to ensure that Sahi Brothers, Inc. maintained adequate safety standards and compliance with Federal Motor Carrier Safety Regulations;

    d. Failing to verify that the drivers employed by Sahi Brothers, Inc. were properly qualified, trained, and fit to operate tractor-trailers;

83. As a direct and proximate result of one or more of the foregoing wrongful acts and/or omissions of Defendant The Kroger Co., Plaintiff Lashundra Shepherd-Cox was seriously

and permanently injured. As a result of Plaintiff Lashundra Shepherd-Cox's injuries, Plaintiff Lashundra Shepherd-Cox suffered the following damages:

a.   Medical expenses in the past and future;

b.   Lost wages in the past and loss of earning capacity in the future;

c.   Property damage and loss of use;

d.   Disfigurement;

e.   Physical pain and suffering in the past and future;

f.   Mental anguish in the past and future; and

g.   Disability or loss of normal life.

WHEREFORE, the Plaintiff, Lashundra Shepherd-Cox, prays for judgment against the Defendant, The Kroger Co., in such an amount and sum in excess of and over SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), held jointly and severally liable, as will fairly and adequately compensate the Plaintiffs for injuries, losses, and damages as herein above alleged, costs of suit, and for such other and further relief which this Honorable Court deems fair and just.

## COUNT VIII:
### LASHUNDRA RACHELLE SHEPHERD-COX CLAIMS FOR RESPONDEAT SUPERIOR AGAINST DEFENDANT THE KROGER CO.

84.   Plaintiff adopts and re-alleges all prior paragraphs as if fully set forth herein.

85.   On the 5th day of January, 2025, and at all times relevant hereto, Defendant The Kroger Co. was a motor carrier under the Federal Motor Carrier Safety Regulations ("FMCSR").

86.   At said time and place, Defendant Baljinder Singh was operating the tractor-trailer with the consent of Defendant The Kroger Co.

87. At said time and place, Defendant Baljinder Singh was operating the tractor-trailer in the course and scope of his employment with Defendant The Kroger Co.

88. At said time and place, Defendant Baljinder Singh was operating a tractor-trailer owned and registered to the Defendant, The Kroger Co.

89. At said time and place, Defendant Baljinder Singh was operating the tractor-trailer under the operating authority of the Defendant, The Kroger Co., with the knowledge, consent and/or implied permission of Defendant The Kroger Co.

90. At the aforesaid time, and all relevant times herein, Defendant The Kroger Co. had a right of control over its employee and/or agent, Defendant Baljinder Singh, in the operation of the aforesaid motor vehicle.

91. At the aforesaid time, and all relevant times herein, said employee and/or agent of Defendant The Kroger Co., Defendant Baljinder Singh, was conducting himself in such a manner as to cause members of the general public, including the Plaintiffs, to believe that he was an employee and/or agent of the Defendant The Kroger Co.

92. At said time and place, and at all times relevant to this matter, it was the duty of Defendant The Kroger Co., by and through its agent, Baljinder Singh, to operate the tractor-trailer with ordinary care for the safety of others and the property of others there and then upon the roadway.

93. At all times relevant hereto, Defendant The Kroger Co. is vicariously liable for the actions of its employees, agents, and servants including Defendant Baljinder Singh.

94. On the 5th day of January, 2025, Defendant Baljinder Singh, while in the course and scope of his employment with The Kroger Co., while operating the tractor-trailer at the

COMPLAINT - Page 20

aforementioned time and place, then and there committed one or more of the following

negligent acts or omissions:

a.    Failing to keep such proper lookout and attention to the roadway as a person of ordinary prudence would have kept under the same or similar circumstances;

b.    Failing to control the speed of his tractor-trailer;

c.    Failing to decrease speed to use due care and avoid colliding with Plaintiff's vehicle pursuant to 625 ILCS 5/11-601(a);

d.    Failing to keep the proper lookout 12-15 seconds ahead for vehicles such as the one Plaintiff was operating while driving the tractor-trailer;

e.    Failing to keep an assured safe distance from Plaintiff's vehicle;

f.    Failing to timely apply the brakes of his tractor-trailer in order to avoid the collision in question;

g.    Failing to turn his tractor-trailer in an effort to avoid the collision; and

95.    As a direct and proximate result of one or more of the foregoing wrongful acts and/or omissions of Defendant The Kroger Co., Plaintiff Lashundra Shepherd-Cox was seriously and permanently injured. As a result of Plaintiff Lashundra Shepherd-Cox's injuries, Plaintiff Lashundra Shepherd-Cox suffered the following damages:

a.    Medical expenses in the past and future;

b.    Lost wages in the past and loss of earning capacity in the future;

c.    Property damage and loss of use;

d.    Disfigurement;

e.    Physical pain and suffering in the past and future;

f.    Mental anguish in the past and future; and

g.    Disability or loss of normal life.

WHEREFORE, the Plaintiff, Lashundra Shepherd-Cox, prays for judgment against the Defendant, The Kroger Co., in such an amount and sum in excess of and over SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), held jointly and severally liable, as will fairly and adequately compensate the Plaintiffs for injuries, losses, and damages as herein above alleged, costs of suit, and for such other and further relief which this Honorable Court deems fair and just.

## COUNT IX:

### LASHUNDRA RACHELLE SHEPHERD-COX CLAIM FOR NEGLIGENCE AGAINST DEFENDANT THE KROGER CO.

96. Plaintiff adopts and re-allege all prior paragraphs as if fully set forth herein.

97. At the time of the motor vehicle collision, Defendant Baljinder Singh, while in the course and scope of his employment with and operating under the Federal Motor Carrier authority of The Kroger Co., was operating his tractor-trailer on Eastbound Interstate 70, approximately 0.25 Mile west of Milepost 123, within the city limits of Vevay Park, Cumberland County, Illinois.

98. At all relevant times, it was the duty of Defendant The Kroger Co.to ensure that its employee, Defendant Baljinder Singh, was properly trained and following the Illinois Rules of the Road.

99. At all relevant times, it was the duty of Defendant The Kroger Co.to ensure that its employee, Defendant Baljinder Singh, was educated in the Illinois Rules of the Road, regulations under the Federal Motor Carrier, and CDL safety regulations, and that Baljinder Singh complied with those regulations.

100. At all relevant times, it was the duty of Defendant The Kroger Co.to ensure its employee, Defendant Baljinder Singh, was a safe driver who was competent in driving a tractor-trailer and was able to drive for the company in a way that was safe to the general public.

101. Specifically, Defendant The Kroger Co. had a duty to exercise ordinary care and ensure that Baljinder Singh, was able to operate his tractor-trailer reasonably and prudently. Defendant breached that duty in one or more of the following respects:

  a. Failing to train or ensure that Baljinder Singh knew to keep such proper lookout and attention to the roadway as a person of ordinary prudence would have kept under the same or similar circumstances;

  b. Failing to train or ensure that Baljinder Singh knew to keep the proper lookout 12-15 seconds ahead for vehicles such as the one Plaintiff was operating while driving the tractor-trailer;

  c. Failing to train or ensure that Baljinder Singh knew to control the speed of his tractor-trailer;

  d. Failing to train or ensure that Baljinder Singh knew to keep an assured safe distance from Plaintiff's vehicle;

  e. Failing to train or ensure that Baljinder Singh knew to timely apply the brakes of his tractor-trailer in order to avoid the collision in question;

  f. Failing to train or ensure that Baljinder Singh knew to decrease speed to use due care and avoid colliding with Plaintiff's vehicle pursuant to 625 ILCS 5/11-601(a);

  g. Failing to train or ensure that Baljinder Singh knew to turn his tractor-trailer in an effort to avoid the collision; and

102. As a direct and proximate result of one or more of the foregoing wrongful acts and/or omissions of Defendant The Kroger Co., Plaintiff Lashundra Shepherd-Cox was seriously and permanently injured. As a result of Plaintiff Lashundra Shepherd-Cox's injuries, Plaintiff Lashundra Shepherd-Cox suffered the following damages:

  a. Medical expenses in the past and future;

COMPLAINT - Page 23

b.   Lost wages in the past and loss of earning capacity in the future;

c.   Property damage and loss of use;

d.   Disfigurement;

e.   Physical pain and suffering in the past and future;

f.   Mental anguish in the past and future; and

g.   Disability or loss of normal life.

WHEREFORE, the Plaintiff, Lashundra Shepherd-Cox, prays for judgment against the

Defendant, The Kroger Co., in such an amount and sum in excess of and over SEVENTY-FIVE

THOUSAND DOLLARS ($75,000.00), held jointly and severally liable, as will fairly and

adequately compensate the Plaintiffs for injuries, losses, and damages as herein above alleged,

costs of suit, and for such other and further relief which this Honorable Court deems fair and

just.

**COUNT X:**
**LASHUNDRA RACHELLE SHEPHERD-COX CLAIM FOR NEGLIGENT SELECTION**
**OF DOUBLE BROKER AGAINST DEFENDANT THE KROGER CO.**

103. Plaintiff adopts and re-allege all prior paragraphs as if fully set forth herein.

104. At all times relevant hereto, Defendant The Kroger Co. was a shipper and/or receiver of

goods engaged in the transportation of freight in interstate commerce.

105. Defendant The Kroger Co. hired, engaged, and/or contracted with Defendant Rani

Transportation, Inc. to transport and/or arrange for the transportation of goods on its behalf.

106. Defendant The Kroger Co. knew or should have known that Defendant Rani Transportation,

Inc. would double-broker the load to another motor carrier, including Defendant Sahi

Brothers, Inc.

COMPLAINT - Page 24

107. Defendant The Kroger Co. had a duty to exercise reasonable care in the selection of Rani Transportation, Inc. as a broker and/or carrier, knowing that Rani Transportation, Inc. would double-broker the load to a motor carrier such as Sahi Brothers, Inc.

108. Defendant The Kroger Co. breached its duty of care in one or more of the following respects:

  a. Failing to exercise reasonable care in selecting Rani Transportation, Inc. as a carrier and/or broker;

  b. Failing to investigate or verify the practices, safety record, qualifications, and/or fitness of Rani Transportation, Inc. before engaging it;

  c. Failing to ensure that Rani Transportation, Inc. would not double-broker loads to unqualified or unsafe motor carriers;

  d. Failing to ensure that Rani Transportation, Inc. exercised reasonable care in the selection of motor carriers to whom it assigned loads;

109. As a direct and proximate result of one or more of the foregoing wrongful acts and/or omissions of Defendant The Kroger Co., Plaintiff Lashundra Shepherd-Cox was seriously and permanently injured. As a result of Plaintiff Lashundra Shepherd-Cox's injuries, Plaintiff Lashundra Shepherd-Cox suffered the following damages:

  a. Medical expenses in the past and future;

  b. Lost wages in the past and loss of earning capacity in the future;

  c. Property damage and loss of use;

  d. Disfigurement;

  e. Physical pain and suffering in the past and future;

  f. Mental anguish in the past and future; and

  g. Disability or loss of normal life.

WHEREFORE, the Plaintiff, Lashundra Shepherd-Cox, prays for judgment against the Defendant, The Kroger Co., in such an amount and sum in excess of and over SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), held jointly and severally liable, as will fairly and adequately compensate the Plaintiffs for injuries, losses, and damages as herein above alleged, costs of suit, and for such other and further relief which this Honorable Court deems fair and just.

**COUNT XI:**
**ARIK COX CLAIM FOR NEGLIGENCE AGAINST BALJINDER SINGH**

110.    Plaintiff adopts and re-alleges all prior paragraphs as if fully set forth herein.

111.    At the time of the motor vehicle collision, Defendant Baljinder Singh, while in the course and scope of his employment/agency with and operating under the Federal Motor Carrier authority of Sahi Brothers, Inc., was operating his tractor-trailer on Eastbound Interstate 70, approximately 0.25 Mile west of Milepost 123, within the city limits of Vevay Park, Cumberland County, Illinois.

112.    At all relevant times, it was the duty of the Defendant to operate, maintain, and control his tractor-trailer in a manner so as not to negligently cause injury to persons lawfully on the public way, including Plaintiffs.

113.    Specifically, Defendant Baljinder Singh had a duty to exercise ordinary care and operate his tractor-trailer reasonably and prudently.  Defendant breached that duty in one or more of the following respects:

a.      Failing to keep such proper lookout and attention to the roadway as a person of ordinary prudence would have kept under the same or similar circumstances;

b.      Failing to control the speed of his tractor-trailer;

COMPLAINT - Page 26

c.      Failing to decrease speed to use due care and avoid colliding with Plaintiff's vehicle pursuant to 625 ILCS 5/11-601(a);

d.      Failing to keep the proper lookout 12 to 15 seconds ahead for vehicles, such as the one Plaintiff Arik Cox was operating, while driving his tractor-trailer;

e.      Failing to keep an assured safe distance from Plaintiff's vehicle;

f.      Failing to timely apply the brakes of his tractor-trailer in order to avoid the collision in question;

g.      Failing to turn his tractor-trailer in an effort to avoid the collision; and

114.    As a direct and proximate result of one or more of the foregoing wrongful acts and/or omissions of Defendant Baljinder Singh, Plaintiff Arik Cox was seriously and permanently injured. As a result of Plaintiff Arik Cox's injuries, Plaintiff Arik Cox suffered the following damages:

a.      Medical expenses in the past and future;

b.      Lost wages in the past and loss of earning capacity in the future;

c.      Property damage and the loss of use;

d.      Disfigurement;

e.      Physical pain and suffering in the past and future;

f.      Mental anguish in the past and future; and

g.      Disability or loss of normal life.

   WHEREFORE, the Plaintiff, Arik Cox, prays for judgment against the Defendant, Baljinder Singh, in such an amount and sum in excess of and over SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), held jointly and severally liable, as will fairly and adequately compensate the Plaintiffs for injuries, losses, and damages as herein above alleged,

costs of suit, and for such other and further relief which this Honorable Court deems fair and just.

## COUNT XII:
## ARIK COX CLAIM OF RESPONDEAT SUPERIOR AGAINST DEFENDANT SAHI BROTHERS, INC.

115.    Plaintiff adopts and re-alleges all prior paragraphs as if fully set forth herein.

116.    On the 5th day of January, 2025, and at all times relevant hereto, Defendant Sahi Brothers, Inc. was a motor carrier under the Federal Motor Carrier Safety Regulations ("FMCSR").

117.    At said time and place, Defendant Baljinder Singh was operating the tractor-trailer with the consent of Defendant Sahi Brothers, Inc.

118.    At said time and place, Defendant Baljinder Singh was operating the tractor-trailer in the course and scope of his employment with Defendant Sahi Brothers, Inc.

119.    At said time and place, Defendant Baljinder Singh was operating a tractor-trailer owned and registered to the Defendant, Sahi Brothers, Inc.

120.    At said time and place, Defendant Baljinder Singh was operating the tractor-trailer under the operating authority of the Defendant, Sahi Brothers, Inc., with the knowledge, consent and/or implied permission of Defendant Sahi Brothers, Inc.

121.    At the aforesaid time, and all relevant times herein, Defendant Sahi Brothers, Inc. had a right of control over its employee and/or agent, Defendant Baljinder Singh, in the operation of the aforesaid motor vehicle.

122.    At the aforesaid time, and all relevant times herein, said employee and/or agent of Defendant Sahi Brothers, Inc., Defendant Baljinder Singh, was conducting himself in such a

COMPLAINT - Page 28

manner as to cause members of the general public, including the Plaintiffs, to believe that he was an employee and/or agent of the Defendant Sahi Brothers, Inc.

123.    At said time and place, and at all times relevant to this matter, it was the duty of Defendant Sahi Brothers, Inc., by and through its agent, Baljinder Singh, to operate the tractor-trailer with ordinary care for the safety of others and the property of others there and then upon the roadway.

124.    At all times relevant hereto, Defendant Sahi Brothers, Inc. is vicariously liable for the actions of its employees, agents, and servants including Defendant Baljinder Singh.

125.    On the 5th day of January, 2025, Defendant Baljinder Singh, while in the course and scope of his employment with Sahi Brothers, Inc., while operating the tractor-trailer at the aforementioned time and place, then and there committed one or more of the following negligent acts or omissions:

a.    Failing to keep such proper lookout and attention to the roadway as a person of ordinary prudence would have kept under the same or similar circumstances;

b.    Failing to control the speed of his tractor-trailer;

c.    Failing to decrease speed to use due care and avoid colliding with Plaintiff's vehicle pursuant to 625 ILCS 5/11-601(a);

d.    Failing to keep the proper lookout 12-15 seconds ahead for vehicles such as the one Plaintiff Arik Cox was operating while driving the tractor-trailer;

e.    Failing to keep an assured safe distance from Plaintiff's vehicle;

f.    Failing to timely apply the brakes of his tractor-trailer in order to avoid the collision in question;

g.    Failing to turn his tractor-trailer in an effort to avoid the collision;

126.    As a direct and proximate result of one or more of the foregoing wrongful acts and/or omissions of Defendant Sahi Brothers, Inc., Plaintiff Arik Cox was seriously and permanently

COMPLAINT - Page 29

injured. As a result of Plaintiff Arik Cox 's injuries, Plaintiff Arik Cox suffered the following damages:

a.    Medical expenses in the past and future;

b.    Lost wages in the past and loss of earning capacity in the future;

c.    Property damage and the loss of use;

d.    Disfigurement;

e.    Physical pain and suffering in the past and future;

f.    Mental anguish in the past and future; and

g.    Disability or loss of normal life.

WHEREFORE, the Plaintiff, Arik Cox, prays for judgment against the Defendant, Sahi Brothers, Inc., in such an amount and sum in excess of and over SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), held jointly and severally liable, as will fairly and adequately compensate the Plaintiffs for injuries, losses, and damages as herein above alleged, costs of suit, and for such other and further relief which this Honorable Court deems fair and just.

## COUNT XIII:

### ARIK COX CLAIM FOR NEGLIGENCE AGAINST DEFENDANT SAHI BROTHERS, INC.

127.    Plaintiff adopts and re-alleges all prior paragraphs as if fully set forth herein.

128.    At the time of the motor vehicle collision, Defendant Baljinder Singh, while in the course and scope of his employment with and operating under the Federal Motor Carrier authority of Sahi Brothers, Inc., was operating his tractor-trailer on Eastbound Interstate 70, approximately 0.25 Mile west of Milepost 123, within the city limits of Vevay Park, Cumberland County, Illinois.

COMPLAINT - Page 30

129.     At all relevant times, it was the duty of Defendant Sahi Brothers, Inc. to ensure that its employee, Defendant Baljinder Singh, was properly trained and following the Illinois Rules of the Road.

130.     At all relevant times, it was the duty of Defendant Sahi Brothers, Inc. to ensure that its employee, Defendant Baljinder Singh, was educated in the Illinois Rules of the Road, regulations under the Federal Motor Carrier, and CDL safety regulations, and that Baljinder Singh complied with those regulations.

131.     At all relevant times, it was the duty of Defendant Sahi Brothers, Inc. to ensure its employee, Defendant Baljinder Singh, was a safe driver who was competent in driving a tractor-trailer and was able to drive for the company in a way that was safe to the general public.

132.     Specifically, Defendant Sahi Brothers, Inc. had a duty to exercise ordinary care and ensure that Baljinder Singh, was able to operate his tractor-trailer reasonably and prudently. Defendant breached that duty in one or more of the following respects:

a.      Failing to train or ensure that Baljinder Singh knew to keep such proper lookout and attention to the roadway as a person of ordinary prudence would have kept under the same or similar circumstances;

b.      Failing to train or ensure that Baljinder Singh knew to keep the proper lookout 12-15 seconds ahead for vehicles such as the one Plaintiff Arik Cox was operating while driving the tractor-trailer;

c.      Failing to train or ensure that Baljinder Singh knew to control the speed of his tractor-trailer;

d.      Failing to train or ensure that Baljinder Singh knew to keep an assured safe distance from Plaintiff's vehicle;

e.      Failing to train or ensure that Baljinder Singh knew to timely apply the brakes of his tractor-trailer in order to avoid the collision in question;

f.      Failing to train or ensure that Baljinder Singh knew to decrease speed to use due care and avoid colliding with Plaintiff's vehicle pursuant to 625 ILCS 5/11-601(a);

COMPLAINT - Page 31

g.     Failing to train or ensure that Baljinder Singh knew to turn his tractor-trailer in an effort to avoid the collision; and

133.   As a direct and proximate result of one or more of the foregoing wrongful acts and/or omissions of Defendant Sahi Brothers, Inc., Plaintiff Arik Cox was seriously and permanently injured. As a result of Plaintiff Arik Cox 's injuries, Plaintiff Arik Cox suffered the following damages:

a.     Medical expenses in the past and future;

b.     Lost wages in the past and loss of earning capacity in the future;

c.     Property damage and loss of use;

d.     Disfigurement;

e.     Physical pain and suffering in the past and future;

f.     Mental anguish in the past and future; and

g.     Disability or loss of normal life;

WHEREFORE, the Plaintiff, Arik Cox, prays for judgment against the Defendant, Sahi Brothers, Inc., in such an amount and sum in excess of and over SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), held jointly and severally liable, as will fairly and adequately compensate the Plaintiffs for injuries, losses, and damages as herein above alleged, costs of suit, and for such other and further relief which this Honorable Court deems fair and just.

**COUNT XIV:**
**ARIK COX CLAIM FOR NEGLIGENT BROKERAGE AGAINST DEFENDANT RANI TRANSPORTATION, INC.**

134.   Plaintiff adopts and re-alleges all prior paragraphs as if fully set forth herein.

COMPLAINT - Page 32

135.    At all times relevant hereto, Defendant Rani Transportation, Inc. was a motor carrier and/or freight broker engaged in the business of arranging for the transportation of freight and cargo in interstate commerce.

136.    Defendant The Kroger Co. hired and/or engaged Defendant Rani Transportation, Inc. to transport and/or arrange for the transportation of goods. Defendant Rani Transportation, Inc. thereafter double-brokered the load to Defendant Sahi Brothers, Inc.

137.    Defendant Rani Transportation, Inc. had a duty to exercise reasonable care in the brokerage and/or arrangement of the transportation of freight, including a duty to exercise reasonable care in the selection of motor carriers to whom it brokered or assigned loads.

138.    Defendant Rani Transportation, Inc. breached its duty of care in one or more of the following respects:

139.    Failing to exercise reasonable care in selecting Sahi Brothers, Inc. as a motor carrier to transport the load;

a.    Failing to investigate or verify the safety record, qualifications, and/or fitness of Sahi Brothers, Inc. before brokering the load;

b.    Failing to ensure that Sahi Brothers, Inc. maintained adequate safety standards and compliance with Federal Motor Carrier Safety Regulations;

c.    Failing to verify that the driver assigned by Sahi Brothers, Inc., Defendant Baljinder Singh, was properly qualified, trained, and fit to operate a tractor-trailer;

140.    As a direct and proximate result of one or more of the foregoing wrongful acts and/or omissions of Defendant Rani Transportation, Inc., Plaintiff Arik Cox was seriously and permanently injured. As a result of Plaintiff Arik Cox's injuries, Plaintiff Arik Cox suffered the following damages:

a.    Medical expenses in the past and future;

b.      Lost wages in the past and loss of earning capacity in the future;

c.      Property damage and loss of use;

d.      Disfigurement;

e.      Physical pain and suffering in the past and future;

f.      Mental anguish in the past and future; and

g.      Disability or loss of normal life;

WHEREFORE, the Plaintiff, Arik Cox, prays for judgment against the Defendant, Rani Transportation, Inc., in such an amount and sum in excess of and over SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), held jointly and severally liable, as will fairly and adequately compensate the Plaintiffs for injuries, losses, and damages as herein above alleged, costs of suit, and for such other and further relief which this Honorable Court deems fair and just.

## COUNT XV:
## dARIK COX CLAIMS FOR RESPONDEAT SUPERIOR AGAINST DEFENDANT RANI TRANSPORTATION, INC.

141.    Plaintiff adopts and re-alleges all prior paragraphs as if fully set forth herein.

142.    On the 5th day of January, 2025, and at all times relevant hereto, Defendant Rani Transportation, Inc. was a motor carrier under the Federal Motor Carrier Safety Regulations ("FMCSR").

143.    At said time and place, Defendant Baljinder Singh was operating the tractor-trailer with the consent of Defendant Rani Transportation, Inc.

144.    At said time and place, Defendant Baljinder Singh was operating the tractor-trailer in the course and scope of his employment with Defendant Rani Transportation, Inc.

COMPLAINT - Page 34

145.    At said time and place, Defendant Baljinder Singh was operating a tractor-trailer owned and registered to the Defendant, Rani Transportation, Inc.

146.    At said time and place, Defendant Baljinder Singh was operating the tractor-trailer under the operating authority of the Defendant, Rani Transportation, Inc., with the knowledge, consent and/or implied permission of Defendant Rani Transportation, Inc.

147.    At the aforesaid time, and all relevant times herein, Defendant Rani Transportation, Inc. had a right of control over its employee and/or agent, Defendant Baljinder Singh, in the operation of the aforesaid motor vehicle.

148.    At the aforesaid time, and all relevant times herein, said employee and/or agent of Defendant Rani Transportation, Inc., Defendant Baljinder Singh, was conducting himself in such a manner as to cause members of the general public, including the Plaintiffs, to believe that he was an employee and/or agent of the Defendant Rani Transportation, Inc.

149.    At said time and place, and at all times relevant to this matter, it was the duty of Defendant Rani Transportation, Inc., by and through its agent, Baljinder Singh, to operate the tractor-trailer with ordinary care for the safety of others and the property of others there and then upon the roadway.

150.    At all times relevant hereto, Defendant Rani Transportation, Inc. is vicariously liable for the actions of its employees, agents, and servants including Defendant Baljinder Singh.

151.    On the 5th day of January, 2025, Defendant Baljinder Singh, while in the course and scope of his employment with Rani Transportation, Inc., while operating the tractor-trailer at the aforementioned time and place, then and there committed one or more of the following negligent acts or omissions:

a.      Failing to keep such proper lookout and attention to the roadway as a person of ordinary prudence would have kept under the same or similar circumstances;

b.      Failing to control the speed of his tractor-trailer;

c.      Failing to decrease speed to use due care and avoid colliding with Plaintiff's vehicle pursuant to 625 ILCS 5/11-601(a);

d.      Failing to keep the proper lookout 12-15 seconds ahead for vehicles such as the one Plaintiff was operating while driving the tractor-trailer;

e.      Failing to keep an assured safe distance from Plaintiff's vehicle;

f.      Failing to timely apply the brakes of his tractor-trailer in order to avoid the collision in question;

g.      Failing to turn his tractor-trailer in an effort to avoid the collision; and

152.    As a direct and proximate result of one or more of the foregoing wrongful acts and/or omissions of Defendant Rani Transportation, Inc., Plaintiff Arik Cox was seriously and permanently injured. As a result of Plaintiff Arik Cox 's injuries, Plaintiff Arik Cox suffered the following damages:

a.      Medical expenses in the past and future;

b.      Lost wages in the past and loss of earning capacity in the future;

c.      Property damage and loss of use;

d.      Disfigurement;

e.      Physical pain and suffering in the past and future;

f.      Mental anguish in the past and future; and

g.      Disability or loss of normal life.

WHEREFORE, the Plaintiff, Arik Cox, prays for judgment against the Defendant, Rani Transportation, Inc., in such an amount and sum in excess of and over SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), held jointly and severally liable, as will fairly and

COMPLAINT - Page 36

adequately compensate the Plaintiffs for injuries, losses, and damages as herein above alleged, costs of suit, and for such other and further relief which this Honorable Court deems fair and just.

**COUNT XVI:**

**ARIK COX CLAIM FOR NEGLIGENCE AGAINST DEFENDANT RANI TRANSPORTATION, INC.**

153.   Plaintiff adopts and re-alleges all prior paragraphs as if fully set forth herein.

154.   At the time of the motor vehicle collision, Defendant Baljinder Singh, while in the course and scope of his employment with and operating under the Federal Motor Carrier authority of Rani Transportation, Inc., was operating his tractor-trailer on Eastbound Interstate 70, approximately 0.25 Mile west of Milepost 123, within the city limits of Vevay Park, Cumberland County, Illinois.

155.   At all relevant times, it was the duty of Defendant Rani Transportation, Inc. to ensure that its employee, Defendant Baljinder Singh, was properly trained and following the Illinois Rules of the Road.

156.   At all relevant times, it was the duty of Defendant Rani Transportation, Inc. to ensure that its employee, Defendant Baljinder Singh, was educated in the Illinois Rules of the Road, regulations under the Federal Motor Carrier, and CDL safety regulations, and that Baljinder Singh complied with those regulations.

157.   Specifically, Defendant Rani Transportation, Inc. had a duty to exercise ordinary care and ensure that Baljinder Singh, was able to operate his tractor-trailer reasonably and prudently. Defendant breached that duty in one or more of the following respects:

COMPLAINT - Page 37

a.    Failing to train or ensure that Baljinder Singh knew to keep such proper lookout and attention to the roadway as a person of ordinary prudence would have kept under the same or similar circumstances;

b.    Failing to train or ensure that Baljinder Singh knew to keep the proper lookout 12-15 seconds ahead for vehicles such as the one Plaintiff was operating while driving the tractor-trailer;

c.    Failing to train or ensure that Baljinder Singh knew to control the speed of his tractor-trailer;

d.    Failing to train or ensure that Baljinder Singh knew to keep an assured safe distance from Plaintiff's vehicle;

e.    Failing to train or ensure that Baljinder Singh knew to timely apply the brakes of his tractor-trailer in order to avoid the collision in question;

f.    Failing to train or ensure that Baljinder Singh knew to decrease speed to use due care and avoid colliding with Plaintiff's vehicle pursuant to 625 ILCS 5/11-601(a);

g.    Failing to train or ensure that Baljinder Singh knew to turn his tractor-trailer in an effort to avoid the collision; and

158.    As a direct and proximate result of one or more of the foregoing wrongful acts and/or omissions of Defendant Rani Transportation, Inc., Plaintiff Arik Cox was seriously and permanently injured. As a result of Plaintiff Arik Cox 's injuries, Plaintiff Arik Cox suffered the following damages:

a.    Medical expenses in the past and future;

b.    Lost wages in the past and loss of earning capacity in the future;

c.    Property damage and loss of use;

d.    Disfigurement;

e.    Physical pain and suffering in the past and future;

f.    Mental anguish in the past and future; and

g.    Disability or loss of normal life.

WHEREFORE, the Plaintiff, Arik Cox, prays for judgment against the Defendant, Rani Transportation, Inc., in such an amount and sum in excess of and over SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), held jointly and severally liable, as will fairly and adequately compensate the Plaintiffs for injuries, losses, and damages as herein above alleged, costs of suit, and for such other and further relief which this Honorable Court deems fair and just.

## COUNT XVII:
## ARIK COX CLAIM FOR NEGLIGENT SELECTION OF MOTOR CARRIER AGAINST DEFENDANT THE KROGER CO.

159.    Plaintiff adopts and re-alleges all prior paragraphs as if fully set forth herein.

160.    At all times relevant hereto, Defendant The Kroger Co. was a shipper and/or receiver of goods engaged in the transportation of freight in interstate commerce.

161.    Defendant The Kroger Co. hired, engaged, and/or contracted with Defendant Sahi Brothers, Inc. as a motor carrier to transport goods on its behalf.

162.    Defendant The Kroger Co. had a duty to exercise reasonable care in the selection of a motor carrier to transport goods on its behalf, including a duty to investigate the safety record, qualifications, and fitness of any motor carrier it engaged.

163.    Defendant The Kroger Co. breached its duty of care in one or more of the following respects:

a.      Failing to exercise reasonable care in selecting Sahi Brothers, Inc. as a motor carrier;

b.      Failing to investigate or verify the safety record, qualifications, and/or fitness of Sahi Brothers, Inc. before engaging it to transport goods;

c.      Failing to ensure that Sahi Brothers, Inc. maintained adequate safety standards and compliance with Federal Motor Carrier Safety Regulations;

COMPLAINT - Page 39

d.      Failing to verify that the drivers employed by Sahi Brothers, Inc. were properly qualified, trained, and fit to operate tractor-trailers;

164.    As a direct and proximate result of one or more of the foregoing wrongful acts and/or omissions of Defendant The Kroger Co., Plaintiff Arik Cox was seriously and permanently injured. As a result of Plaintiff Arik Cox's injuries, Plaintiff Arik Cox suffered the following damages:

a.      Medical expenses in the past and future;

b.      Lost wages in the past and loss of earning capacity in the future;

c.      Property damage and loss of use;

d.      Disfigurement;

e.      Physical pain and suffering in the past and future;

f.      Mental anguish in the past and future; and

g.      Disability or loss of normal life.

WHEREFORE, the Plaintiff, Arik Cox, prays for judgment against the Defendant, The Kroger Co., in such an amount and sum in excess of and over SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), held jointly and severally liable, as will fairly and adequately compensate the Plaintiffs for injuries, losses, and damages as herein above alleged, costs of suit, and for such other and further relief which this Honorable Court deems fair and just.

## COUNT XVIII:
### ARIK COX CLAIMS FOR RESPONDEAT SUPERIOR AGAINST DEFENDANT THE KROGER CO.

165.    Plaintiff adopts and re-alleges all prior paragraphs as if fully set forth herein.

166.    On the 5th day of January, 2025, and at all times relevant hereto, Defendant The Kroger Co. was a motor carrier under the Federal Motor Carrier Safety Regulations ("FMCSR").

COMPLAINT - Page 40

167.    At said time and place, Defendant Baljinder Singh was operating the tractor-trailer with the consent of Defendant The Kroger Co.

168.    At said time and place, Defendant Baljinder Singh was operating the tractor-trailer in the course and scope of his employment with Defendant The Kroger Co.

169.    At said time and place, Defendant Baljinder Singh was operating a tractor-trailer owned and registered to the Defendant, The Kroger Co.

170.    At said time and place, Defendant Baljinder Singh was operating the tractor-trailer under the operating authority of the Defendant, The Kroger Co., with the knowledge, consent and/or implied permission of Defendant The Kroger Co.

171.    At the aforesaid time, and all relevant times herein, Defendant The Kroger Co. had a right of control over its employee and/or agent, Defendant Baljinder Singh, in the operation of the aforesaid motor vehicle.

172.    At the aforesaid time, and all relevant times herein, said employee and/or agent of Defendant The Kroger Co., Defendant Baljinder Singh, was conducting himself in such a manner as to cause members of the general public, including the Plaintiffs, to believe that he was an employee and/or agent of the Defendant The Kroger Co.

173.    At said time and place, and at all times relevant to this matter, it was the duty of Defendant The Kroger Co., by and through its agent, Baljinder Singh, to operate the tractor-trailer with ordinary care for the safety of others and the property of others there and then upon the roadway.

174.    At all times relevant hereto, Defendant The Kroger Co. is vicariously liable for the actions of its employees, agents, and servants including Defendant Baljinder Singh.

COMPLAINT - Page 41

175.    On the 5th day of January, 2025, Defendant Baljinder Singh, while in the course and scope of his employment with The Kroger Co., while operating the tractor-trailer at the aforementioned time and place, then and there committed one or more of the following negligent acts or omissions:

a.    Failing to keep such proper lookout and attention to the roadway as a person of ordinary prudence would have kept under the same or similar circumstances;

b.    Failing to control the speed of his tractor-trailer;

c.    Failing to decrease speed to use due care and avoid colliding with Plaintiff's vehicle pursuant to 625 ILCS 5/11-601(a);

d.    Failing to keep the proper lookout 12-15 seconds ahead for vehicles such as the one Plaintiff was operating while driving the tractor-trailer;

e.    Failing to keep an assured safe distance from Plaintiff's vehicle;

f.    Failing to timely apply the brakes of his tractor-trailer in order to avoid the collision in question;

g.    Failing to turn his tractor-trailer in an effort to avoid the collision; and

176.    As a direct and proximate result of one or more of the foregoing wrongful acts and/or omissions of Defendant The Kroger Co., Plaintiff Arik Cox was seriously and permanently injured. As a result of Plaintiff Arik Cox's injuries, Plaintiff Arik Cox suffered the following damages:

a.    Medical expenses in the past and future;

b.    Lost wages in the past and loss of earning capacity in the future;

c.    Property damage and loss of use;

d.    Disfigurement;

e.    Physical pain and suffering in the past and future;

f.    Mental anguish in the past and future; and

g.      Disability or loss of normal life.


WHEREFORE, the Plaintiff, Arik Cox, prays for judgment against the Defendant, The Kroger Co., in such an amount and sum in excess of and over SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), held jointly and severally liable, as will fairly and adequately compensate the Plaintiffs for injuries, losses, and damages as herein above alleged, costs of suit, and for such other and further relief which this Honorable Court deems fair and just.

## COUNT XIX:

**ARIK COX CLAIM FOR NEGLIGENCE AGAINST DEFENDANT THE KROGER CO.**

177.    Plaintiff adopts and re-allege all prior paragraphs as if fully set forth herein.

178.    At the time of the motor vehicle collision, Defendant Baljinder Singh, while in the course and scope of his employment with and operating under the Federal Motor Carrier authority of The Kroger Co., was operating his tractor-trailer on Eastbound Interstate 70, approximately 0.25 Mile west of Milepost 123, within the city limits of Vevay Park, Cumberland County, Illinois.

179.    At all relevant times, it was the duty of Defendant The Kroger Co.to ensure that its employee, Defendant Baljinder Singh, was properly trained and following the Illinois Rules of the Road.

180.    At all relevant times, it was the duty of Defendant The Kroger Co.to ensure that its employee, Defendant Baljinder Singh, was educated in the Illinois Rules of the Road, regulations under the Federal Motor Carrier, and CDL safety regulations, and that Baljinder Singh complied with those regulations.

181.     At all relevant times, it was the duty of Defendant The Kroger Co.to ensure its employee, Defendant Baljinder Singh, was a safe driver who was competent in driving a tractor-trailer and was able to drive for the company in a way that was safe to the general public.

182.     Specifically, Defendant The Kroger Co.had a duty to exercise ordinary care and ensure that Baljinder Singh, was able to operate his tractor-trailer reasonably and prudently. Defendant breached that duty in one or more of the following respects:

a.     Failing to train or ensure that Baljinder Singh knew to keep such proper lookout and attention to the roadway as a person of ordinary prudence would have kept under the same or similar circumstances;

b.     Failing to train or ensure that Baljinder Singh knew to keep the proper lookout 12-15 seconds ahead for vehicles such as the one Plaintiff was operating while driving the tractor-trailer;

c.     Failing to train or ensure that Baljinder Singh knew to control the speed of his tractor-trailer;

d.     Failing to train or ensure that Baljinder Singh knew to keep an assured safe distance from Plaintiff's vehicle;

e.     Failing to train or ensure that Baljinder Singh knew to timely apply the brakes of his tractor-trailer in order to avoid the collision in question;

f.     Failing to train or ensure that Baljinder Singh knew to decrease speed to use due care and avoid colliding with Plaintiff's vehicle pursuant to 625 ILCS 5/11-601(a);

g.     Failing to train or ensure that Baljinder Singh knew to turn his tractor-trailer in an effort to avoid the collision; and

183.     As a direct and proximate result of one or more of the foregoing wrongful acts and/or omissions of Defendant The Kroger Co., Plaintiff Arik Cox was seriously and permanently injured. As a result of Plaintiff Arik Cox's injuries, Plaintiff Arik Cox suffered the following damages:

a.     Medical expenses in the past and future;

COMPLAINT - Page 44

b.      Lost wages in the past and loss of earning capacity in the future;

c.      Property damage and loss of use;

d.      Disfigurement;

e.      Physical pain and suffering in the past and future;

f.      Mental anguish in the past and future; and

g.      Disability or loss of normal life.

WHEREFORE, the Plaintiff, Arik Cox, prays for judgment against the Defendant, The Kroger Co., in such an amount and sum in excess of and over SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), held jointly and severally liable, as will fairly and adequately compensate the Plaintiffs for injuries, losses, and damages as herein above alleged, costs of suit, and for such other and further relief which this Honorable Court deems fair and just.

## COUNT XX:
**ARIK COX CLAIM FOR NEGLIGENT SELECTION OF DOUBLE BROKER AGAINST DEFENDANT THE KROGER CO.**

184.    Plaintiff adopts and re-allege all prior paragraphs as if fully set forth herein.

185.    At all times relevant hereto, Defendant The Kroger Co. was a shipper and/or receiver of goods engaged in the transportation of freight in interstate commerce.

186.    Defendant The Kroger Co. hired, engaged, and/or contracted with Defendant Rani Transportation, Inc. to transport and/or arrange for the transportation of goods on its behalf.

187.    Defendant The Kroger Co. knew or should have known that Defendant Rani Transportation, Inc. would double-broker the load to another motor carrier, including Defendant Sahi Brothers, Inc.

COMPLAINT - Page 45

188.    Defendant The Kroger Co. had a duty to exercise reasonable care in the selection of Rani Transportation, Inc. as a broker and/or carrier, knowing that Rani Transportation, Inc. would double-broker the load to a motor carrier such as Sahi Brothers, Inc.

189.    Defendant The Kroger Co. breached its duty of care in one or more of the following respects:

a.    Failing to exercise reasonable care in selecting Rani Transportation, Inc. as a carrier and/or broker;

b.    Failing to investigate or verify the practices, safety record, qualifications, and/or fitness of Rani Transportation, Inc. before engaging it;

c.    Failing to ensure that Rani Transportation, Inc. would not double-broker loads to unqualified or unsafe motor carriers;

d.    Failing to ensure that Rani Transportation, Inc. exercised reasonable care in the selection of motor carriers to whom it assigned loads;

190.    As a direct and proximate result of one or more of the foregoing wrongful acts and/or omissions of Defendant The Kroger Co., Plaintiff Arik Cox was seriously and permanently injured. As a result of Plaintiff Arik Cox's injuries, Plaintiff Arik Cox suffered the following damages:

a.    Medical expenses in the past and future;

b.    Lost wages in the past and loss of earning capacity in the future;

c.    Property damage and loss of use;

d.    Disfigurement;

e.    Physical pain and suffering in the past and future;

f.    Mental anguish in the past and future; and

g.    Disability or loss of normal life.

WHEREFORE, the Plaintiff, Arik Cox, prays for judgment against the Defendant, The Kroger Co., in such an amount and sum in excess of and over SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), held jointly and severally liable, as will fairly and adequately compensate the Plaintiffs for injuries, losses, and damages as herein above alleged, costs of suit, and for such other and further relief which this Honorable Court deems fair and just.

## COUNT XXI:
### ARIK COX, JR. CLAIM FOR NEGLIGENCE AGAINST BALJINDER SINGH

191.    Plaintiff adopts and re-alleges all prior paragraphs as if fully set forth herein.

192.    At the time of the motor vehicle collision, Defendant Baljinder Singh, while in the course and scope of his employment/agency with and operating under the Federal Motor Carrier authority of Sahi Brothers, Inc., was operating his tractor-trailer on Eastbound Interstate 70, approximately 0.25 Mile west of Milepost 123, within the city limits of Vevay Park, Cumberland County, Illinois.

193.    At all relevant times, it was the duty of the Defendant to operate, maintain, and control his tractor-trailer in a manner so as not to negligently cause injury to persons lawfully on the public way, including Plaintiffs.

194.    Specifically, Defendant Baljinder Singh had a duty to exercise ordinary care and operate his tractor-trailer reasonably and prudently.  Defendant breached that duty in one or more of the following respects:

a.    Failing to keep such proper lookout and attention to the roadway as a person of ordinary prudence would have kept under the same or similar circumstances;

b.    Failing to control the speed of his tractor-trailer;

c.    Failing to decrease speed to use due care and avoid colliding with Plaintiff's vehicle pursuant to 625 ILCS 5/11-601(a);

COMPLAINT - Page 47

d.      Failing to keep the proper lookout 12 to 15 seconds ahead for vehicles, such as the one Plaintiff Arik Cox, Jr. was operating, while driving his tractor-trailer;

e.      Failing to keep an assured safe distance from Plaintiff's vehicle;

f.      Failing to timely apply the brakes of his tractor-trailer in order to avoid the collision in question;

g.      Failing to turn his tractor-trailer in an effort to avoid the collision; and

195.    As a direct and proximate result of one or more of the foregoing wrongful acts and/or omissions of Defendant Baljinder Singh, Plaintiff Arik Cox, Jr. was seriously and permanently injured. As a result of Plaintiff Arik Cox, Jr.'s injuries, Plaintiff Arik Cox, Jr. suffered the following damages:

a.      Medical expenses in the past and future;

b.      Lost wages in the past and loss of earning capacity in the future;

c.      Property damage and the loss of use;

d.      Disfigurement;

e.      Physical pain and suffering in the past and future;

f.      Mental anguish in the past and future; and

g.      Disability or loss of normal life.

WHEREFORE, the Plaintiff, Arik Cox, Jr., prays for judgment against the Defendant, Baljinder Singh, in such an amount and sum in excess of and over SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), held jointly and severally liable, as will fairly and adequately compensate the Plaintiffs for injuries, losses, and damages as herein above alleged, costs of suit, and for such other and further relief which this Honorable Court deems fair and just.

## COUNT XXII:

COMPLAINT - Page 48

**ARIK COX, JR. CLAIM OF RESPONDEAT SUPERIOR AGAINST DEFENDANT SAHI BROTHERS, INC.**

196.    Plaintiff adopts and re-alleges all prior paragraphs as if fully set forth herein.

197.    On the 5th day of January, 2025, and at all times relevant hereto, Defendant Sahi Brothers, Inc. was a motor carrier under the Federal Motor Carrier Safety Regulations ("FMCSR").

198.    At said time and place, Defendant Baljinder Singh was operating the tractor-trailer with the consent of Defendant Sahi Brothers, Inc.

199.    At said time and place, Defendant Baljinder Singh was operating the tractor-trailer in the course and scope of his employment with Defendant Sahi Brothers, Inc.

200.    At said time and place, Defendant Baljinder Singh was operating a tractor-trailer owned and registered to the Defendant, Sahi Brothers, Inc.

201.    At said time and place, Defendant Baljinder Singh was operating the tractor-trailer under the operating authority of the Defendant, Sahi Brothers, Inc., with the knowledge, consent and/or implied permission of Defendant Sahi Brothers, Inc.

202.    At the aforesaid time, and all relevant times herein, Defendant Sahi Brothers, Inc. had a right of control over its employee and/or agent, Defendant Baljinder Singh, in the operation of the aforesaid motor vehicle.

203.    At the aforesaid time, and all relevant times herein, said employee and/or agent of Defendant Sahi Brothers, Inc., Defendant Baljinder Singh, was conducting himself in such a manner as to cause members of the general public, including the Plaintiffs, to believe that he was an employee and/or agent of the Defendant Sahi Brothers, Inc.

204.    At said time and place, and at all times relevant to this matter, it was the duty of Defendant Sahi Brothers, Inc., by and through its agent, Baljinder Singh, to operate the tractor-trailer with ordinary care for the safety of others and the property of others there and then upon the roadway.

205.    At all times relevant hereto, Defendant Sahi Brothers, Inc. is vicariously liable for the actions of its employees, agents, and servants including Defendant Baljinder Singh.

206.    On the 5th day of January, 2025, Defendant Baljinder Singh, while in the course and scope of his employment with Sahi Brothers, Inc., while operating the tractor-trailer at the aforementioned time and place, then and there committed one or more of the following negligent acts or omissions:

a.    Failing to keep such proper lookout and attention to the roadway as a person of ordinary prudence would have kept under the same or similar circumstances;

b.    Failing to control the speed of his tractor-trailer;

c.    Failing to decrease speed to use due care and avoid colliding with Plaintiff's vehicle pursuant to 625 ILCS 5/11-601(a);

d.    Failing to keep the proper lookout 12-15 seconds ahead for vehicles such as the one Plaintiff Arik Cox, Jr. was operating while driving the tractor-trailer;

e.    Failing to keep an assured safe distance from Plaintiff's vehicle;

f.    Failing to timely apply the brakes of his tractor-trailer in order to avoid the collision in question;

g.    Failing to turn his tractor-trailer in an effort to avoid the collision;

207.    As a direct and proximate result of one or more of the foregoing wrongful acts and/or omissions of Defendant Sahi Brothers, Inc., Plaintiff Arik Cox, Jr. was seriously and permanently injured. As a result of Plaintiff Arik Cox, Jr. 's injuries, Plaintiff Arik Cox, Jr. suffered the following damages:

a.      Medical expenses in the past and future;

b.      Lost wages in the past and loss of earning capacity in the future;

c.      Property damage and the loss of use;

d.      Disfigurement;

e.      Physical pain and suffering in the past and future;

f.      Mental anguish in the past and future; and

g.      Disability or loss of normal life.

WHEREFORE, the Plaintiff, Arik Cox, Jr., prays for judgment against the Defendant, Sahi Brothers, Inc., in such an amount and sum in excess of and over SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), held jointly and severally liable, as will fairly and adequately compensate the Plaintiffs for injuries, losses, and damages as herein above alleged, costs of suit, and for such other and further relief which this Honorable Court deems fair and just.

## COUNT XXIII:

**ARIK COX, JR. CLAIM FOR NEGLIGENCE AGAINST DEFENDANT SAHI BROTHERS, INC.**

208.    Plaintiff adopts and re-alleges all prior paragraphs as if fully set forth herein.

209.    At the time of the motor vehicle collision, Defendant Baljinder Singh, while in the course and scope of his employment with and operating under the Federal Motor Carrier authority of Sahi Brothers, Inc., was operating his tractor-trailer on Eastbound Interstate 70, approximately 0.25 Mile west of Milepost 123, within the city limits of Vevay Park, Cumberland County, Illinois.

210.     At all relevant times, it was the duty of Defendant Sahi Brothers, Inc. to ensure that its employee, Defendant Baljinder Singh, was properly trained and following the Illinois Rules of the Road.

211.     At all relevant times, it was the duty of Defendant Sahi Brothers, Inc. to ensure that its employee, Defendant Baljinder Singh, was educated in the Illinois Rules of the Road, regulations under the Federal Motor Carrier, and CDL safety regulations, and that Baljinder Singh complied with those regulations.

212.     At all relevant times, it was the duty of Defendant Sahi Brothers, Inc. to ensure its employee, Defendant Baljinder Singh, was a safe driver who was competent in driving a tractor-trailer and was able to drive for the company in a way that was safe to the general public.

213.     Specifically, Defendant Sahi Brothers, Inc. had a duty to exercise ordinary care and ensure that Baljinder Singh, was able to operate his tractor-trailer reasonably and prudently. Defendant breached that duty in one or more of the following respects:

a.     Failing to train or ensure that Baljinder Singh knew to keep such proper lookout and attention to the roadway as a person of ordinary prudence would have kept under the same or similar circumstances;

b.     Failing to train or ensure that Baljinder Singh knew to keep the proper lookout 12-15 seconds ahead for vehicles such as the one Plaintiff Arik Cox, Jr. was operating while driving the tractor-trailer;

c.     Failing to train or ensure that Baljinder Singh knew to control the speed of his tractor-trailer;

d.     Failing to train or ensure that Baljinder Singh knew to keep an assured safe distance from Plaintiff's vehicle;

e.     Failing to train or ensure that Baljinder Singh knew to timely apply the brakes of his tractor-trailer in order to avoid the collision in question;

f.     Failing to train or ensure that Baljinder Singh knew to decrease speed to use due care and avoid colliding with Plaintiff's vehicle pursuant to 625 ILCS 5/11-601(a);

COMPLAINT - Page 52

g.      Failing to train or ensure that Baljinder Singh knew to turn his tractor-trailer in an effort to avoid the collision; and

214.    As a direct and proximate result of one or more of the foregoing wrongful acts and/or omissions of Defendant Sahi Brothers, Inc., Plaintiff Arik Cox, Jr. was seriously and permanently injured. As a result of Plaintiff Arik Cox, Jr. 's injuries, Plaintiff Arik Cox, Jr. suffered the following damages:

a.      Medical expenses in the past and future;

b.      Lost wages in the past and loss of earning capacity in the future;

c.      Property damage and loss of use;

d.      Disfigurement;

e.      Physical pain and suffering in the past and future;

f.      Mental anguish in the past and future; and

g.      Disability or loss of normal life;

WHEREFORE, the Plaintiff, Arik Cox, Jr., prays for judgment against the Defendant, Sahi Brothers, Inc., in such an amount and sum in excess of and over SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), held jointly and severally liable, as will fairly and adequately compensate the Plaintiffs for injuries, losses, and damages as herein above alleged, costs of suit, and for such other and further relief which this Honorable Court deems fair and just.

**COUNT XXIV:**
**ARIK COX, JR. CLAIM FOR NEGLIGENT BROKERAGE AGAINST DEFENDANT**
**RANI TRANSPORTATION, INC.**

215.    Plaintiff adopts and re-alleges all prior paragraphs as if fully set forth herein.

COMPLAINT - Page 53

216.    At all times relevant hereto, Defendant Rani Transportation, Inc. was a motor carrier and/or freight broker engaged in the business of arranging for the transportation of freight and cargo in interstate commerce.

217.    Defendant The Kroger Co. hired and/or engaged Defendant Rani Transportation, Inc. to transport and/or arrange for the transportation of goods. Defendant Rani Transportation, Inc. thereafter double-brokered the load to Defendant Sahi Brothers, Inc.

218.    Defendant Rani Transportation, Inc. had a duty to exercise reasonable care in the brokerage and/or arrangement of the transportation of freight, including a duty to exercise reasonable care in the selection of motor carriers to whom it brokered or assigned loads.

219.    Defendant Rani Transportation, Inc. breached its duty of care in one or more of the following respects:

220.    Failing to exercise reasonable care in selecting Sahi Brothers, Inc. as a motor carrier to transport the load;

a.    Failing to investigate or verify the safety record, qualifications, and/or fitness of Sahi Brothers, Inc. before brokering the load;

b.    Failing to ensure that Sahi Brothers, Inc. maintained adequate safety standards and compliance with Federal Motor Carrier Safety Regulations;

c.    Failing to verify that the driver assigned by Sahi Brothers, Inc., Defendant Baljinder Singh, was properly qualified, trained, and fit to operate a tractor-trailer;

221.    As a direct and proximate result of one or more of the foregoing wrongful acts and/or omissions of Defendant Rani Transportation, Inc., Plaintiff Arik Cox, Jr. was seriously and permanently injured. As a result of Plaintiff Arik Cox, Jr.'s injuries, Plaintiff Arik Cox, Jr. suffered the following damages:

a.    Medical expenses in the past and future;

b.      Lost wages in the past and loss of earning capacity in the future;

c.      Property damage and loss of use;

d.      Disfigurement;

e.      Physical pain and suffering in the past and future;

f.      Mental anguish in the past and future; and

g.      Disability or loss of normal life;

WHEREFORE, the Plaintiff, Arik Cox, Jr., prays for judgment against the Defendant, Rani Transportation, Inc., in such an amount and sum in excess of and over SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), held jointly and severally liable, as will fairly and adequately compensate the Plaintiffs for injuries, losses, and damages as herein above alleged, costs of suit, and for such other and further relief which this Honorable Court deems fair and just.

## COUNT XXV:
## ARIK COX, JR. CLAIMS FOR RESPONDEAT SUPERIOR AGAINST DEFENDANT RANI TRANSPORTATION, INC.

222.    Plaintiff adopts and re-alleges all prior paragraphs as if fully set forth herein.

223.    On the 5th day of January, 2025, and at all times relevant hereto, Defendant Rani Transportation, Inc. was a motor carrier under the Federal Motor Carrier Safety Regulations ("FMCSR").

224.    At said time and place, Defendant Baljinder Singh was operating the tractor-trailer with the consent of Defendant Rani Transportation, Inc.

225.    At said time and place, Defendant Baljinder Singh was operating the tractor-trailer in the course and scope of his employment with Defendant Rani Transportation, Inc.

226.    At said time and place, Defendant Baljinder Singh was operating a tractor-trailer owned and registered to the Defendant, Rani Transportation, Inc.

227.    At said time and place, Defendant Baljinder Singh was operating the tractor-trailer under the operating authority of the Defendant, Rani Transportation, Inc., with the knowledge, consent and/or implied permission of Defendant Rani Transportation, Inc.

228.    At the aforesaid time, and all relevant times herein, Defendant Rani Transportation, Inc. had a right of control over its employee and/or agent, Defendant Baljinder Singh, in the operation of the aforesaid motor vehicle.

229.    At the aforesaid time, and all relevant times herein, said employee and/or agent of Defendant Rani Transportation, Inc., Defendant Baljinder Singh, was conducting himself in such a manner as to cause members of the general public, including the Plaintiffs, to believe that he was an employee and/or agent of the Defendant Rani Transportation, Inc.

230.    At said time and place, and at all times relevant to this matter, it was the duty of Defendant Rani Transportation, Inc., by and through its agent, Baljinder Singh, to operate the tractor-trailer with ordinary care for the safety of others and the property of others there and then upon the roadway.

231.    At all times relevant hereto, Defendant Rani Transportation, Inc. is vicariously liable for the actions of its employees, agents, and servants including Defendant Baljinder Singh.

232.    On the 5th day of January, 2025, Defendant Baljinder Singh, while in the course and scope of his employment with Rani Transportation, Inc., while operating the tractor-trailer at the aforementioned time and place, then and there committed one or more of the following negligent acts or omissions:

COMPLAINT - Page 56

a.      Failing to keep such proper lookout and attention to the roadway as a person of ordinary prudence would have kept under the same or similar circumstances;

b.      Failing to control the speed of his tractor-trailer;

c.      Failing to decrease speed to use due care and avoid colliding with Plaintiff's vehicle pursuant to 625 ILCS 5/11-601(a);

d.      Failing to keep the proper lookout 12-15 seconds ahead for vehicles such as the one Plaintiff was operating while driving the tractor-trailer;

e.      Failing to keep an assured safe distance from Plaintiff's vehicle;

f.      Failing to timely apply the brakes of his tractor-trailer in order to avoid the collision in question;

g.      Failing to turn his tractor-trailer in an effort to avoid the collision; and

233.    As a direct and proximate result of one or more of the foregoing wrongful acts and/or omissions of Defendant Rani Transportation, Inc., Plaintiff Arik Cox, Jr. was seriously and permanently injured. As a result of Plaintiff Arik Cox, Jr. 's injuries, Plaintiff Arik Cox, Jr. suffered the following damages:

a.      Medical expenses in the past and future;

b.      Lost wages in the past and loss of earning capacity in the future;

c.      Property damage and loss of use;

d.      Disfigurement;

e.      Physical pain and suffering in the past and future;

f.      Mental anguish in the past and future; and

g.      Disability or loss of normal life.

WHEREFORE, the Plaintiff, Arik Cox, Jr., prays for judgment against the Defendant, Rani Transportation, Inc., in such an amount and sum in excess of and over SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), held jointly and severally liable, as will fairly and

COMPLAINT - Page 57

adequately compensate the Plaintiffs for injuries, losses, and damages as herein above alleged, costs of suit, and for such other and further relief which this Honorable Court deems fair and just.

## COUNT XXVI:

### ARIK COX, JR. CLAIM FOR NEGLIGENCE AGAINST DEFENDANT RANI TRANSPORTATION, INC.

234.   Plaintiff adopts and re-alleges all prior paragraphs as if fully set forth herein.

235.   At the time of the motor vehicle collision, Defendant Baljinder Singh, while in the course and scope of his employment with and operating under the Federal Motor Carrier authority of Rani Transportation, Inc., was operating his tractor-trailer on Eastbound Interstate 70, approximately 0.25 Mile west of Milepost 123, within the city limits of Vevay Park, Cumberland County, Illinois.

236.   At all relevant times, it was the duty of Defendant Rani Transportation, Inc. to ensure that its employee, Defendant Baljinder Singh, was properly trained and following the Illinois Rules of the Road.

237.   At all relevant times, it was the duty of Defendant Rani Transportation, Inc. to ensure that its employee, Defendant Baljinder Singh, was educated in the Illinois Rules of the Road, regulations under the Federal Motor Carrier, and CDL safety regulations, and that Baljinder Singh complied with those regulations.

238.   Specifically, Defendant Rani Transportation, Inc. had a duty to exercise ordinary care and ensure that Baljinder Singh, was able to operate his tractor-trailer reasonably and prudently. Defendant breached that duty in one or more of the following respects:

COMPLAINT - Page 58

a.      Failing to train or ensure that Baljinder Singh knew to keep such proper lookout and attention to the roadway as a person of ordinary prudence would have kept under the same or similar circumstances;

b.      Failing to train or ensure that Baljinder Singh knew to keep the proper lookout 12-15 seconds ahead for vehicles such as the one Plaintiff was operating while driving the tractor-trailer;

c.      Failing to train or ensure that Baljinder Singh knew to control the speed of his tractor-trailer;

d.      Failing to train or ensure that Baljinder Singh knew to keep an assured safe distance from Plaintiff's vehicle;

e.      Failing to train or ensure that Baljinder Singh knew to timely apply the brakes of his tractor-trailer in order to avoid the collision in question;

f.      Failing to train or ensure that Baljinder Singh knew to decrease speed to use due care and avoid colliding with Plaintiff's vehicle pursuant to 625 ILCS 5/11-601(a);

g.      Failing to train or ensure that Baljinder Singh knew to turn his tractor-trailer in an effort to avoid the collision; and

239.    As a direct and proximate result of one or more of the foregoing wrongful acts and/or omissions of Defendant Rani Transportation, Inc., Plaintiff Arik Cox, Jr. was seriously and permanently injured. As a result of Plaintiff Arik Cox, Jr. 's injuries, Plaintiff Arik Cox, Jr. suffered the following damages:

a.      Medical expenses in the past and future;

b.      Lost wages in the past and loss of earning capacity in the future;

c.      Property damage and loss of use;

d.      Disfigurement;

e.      Physical pain and suffering in the past and future;

f.      Mental anguish in the past and future; and

g.      Disability or loss of normal life.

COMPLAINT - Page 59

WHEREFORE, the Plaintiff, Arik Cox, Jr., prays for judgment against the Defendant, Rani Transportation, Inc., in such an amount and sum in excess of and over SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), held jointly and severally liable, as will fairly and adequately compensate the Plaintiffs for injuries, losses, and damages as herein above alleged, costs of suit, and for such other and further relief which this Honorable Court deems fair and just.

**COUNT XXVII:**
**ARIK COX, JR. CLAIM FOR NEGLIGENT SELECTION OF MOTOR CARRIER AGAINST DEFENDANT THE KROGER CO.**

240. Plaintiff adopts and re-alleges all prior paragraphs as if fully set forth herein.

241. At all times relevant hereto, Defendant The Kroger Co. was a shipper and/or receiver of goods engaged in the transportation of freight in interstate commerce.

242. Defendant The Kroger Co. hired, engaged, and/or contracted with Defendant Sahi Brothers, Inc. as a motor carrier to transport goods on its behalf.

243. Defendant The Kroger Co. had a duty to exercise reasonable care in the selection of a motor carrier to transport goods on its behalf, including a duty to investigate the safety record, qualifications, and fitness of any motor carrier it engaged.

244. Defendant The Kroger Co. breached its duty of care in one or more of the following respects:

a. Failing to exercise reasonable care in selecting Sahi Brothers, Inc. as a motor carrier;

b. Failing to investigate or verify the safety record, qualifications, and/or fitness of Sahi Brothers, Inc. before engaging it to transport goods;

c. Failing to ensure that Sahi Brothers, Inc. maintained adequate safety standards and compliance with Federal Motor Carrier Safety Regulations;

COMPLAINT - Page 60

d.     Failing to verify that the drivers employed by Sahi Brothers, Inc. were properly qualified, trained, and fit to operate tractor-trailers;

245.   As a direct and proximate result of one or more of the foregoing wrongful acts and/or omissions of Defendant The Kroger Co., Plaintiff Arik Cox, Jr. was seriously and permanently injured. As a result of Plaintiff Arik Cox, Jr.'s injuries, Plaintiff Arik Cox, Jr. suffered the following damages:

a.     Medical expenses in the past and future;

b.     Lost wages in the past and loss of earning capacity in the future;

c.     Property damage and loss of use;

d.     Disfigurement;

e.     Physical pain and suffering in the past and future;

f.     Mental anguish in the past and future; and

g.     Disability or loss of normal life.

WHEREFORE, the Plaintiff, Arik Cox, Jr., prays for judgment against the Defendant, The Kroger Co., in such an amount and sum in excess of and over SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), held jointly and severally liable, as will fairly and adequately compensate the Plaintiffs for injuries, losses, and damages as herein above alleged, costs of suit, and for such other and further relief which this Honorable Court deems fair and just.

## COUNT XXVIII:
### ARIK COX, JR. CLAIMS FOR RESPONDEAT SUPERIOR AGAINST DEFENDANT THE KROGER CO.

246.   Plaintiff adopts and re-alleges all prior paragraphs as if fully set forth herein.

247.   On the 5th day of January, 2025, and at all times relevant hereto, Defendant The Kroger Co. was a motor carrier under the Federal Motor Carrier Safety Regulations ("FMCSR").

COMPLAINT - Page 61

248.    At said time and place, Defendant Baljinder Singh was operating the tractor-trailer with the consent of Defendant The Kroger Co.

249.    At said time and place, Defendant Baljinder Singh was operating the tractor-trailer in the course and scope of his employment with Defendant The Kroger Co.

250.    At said time and place, Defendant Baljinder Singh was operating a tractor-trailer owned and registered to the Defendant, The Kroger Co.

251.    At said time and place, Defendant Baljinder Singh was operating the tractor-trailer under the operating authority of the Defendant, The Kroger Co., with the knowledge, consent and/or implied permission of Defendant The Kroger Co.

252.    At the aforesaid time, and all relevant times herein, Defendant The Kroger Co. had a right of control over its employee and/or agent, Defendant Baljinder Singh, in the operation of the aforesaid motor vehicle.

253.    At the aforesaid time, and all relevant times herein, said employee and/or agent of Defendant The Kroger Co., Defendant Baljinder Singh, was conducting himself in such a manner as to cause members of the general public, including the Plaintiffs, to believe that he was an employee and/or agent of the Defendant The Kroger Co.

254.    At said time and place, and at all times relevant to this matter, it was the duty of Defendant The Kroger Co., by and through its agent, Baljinder Singh, to operate the tractor-trailer with ordinary care for the safety of others and the property of others there and then upon the roadway.

255.    At all times relevant hereto, Defendant The Kroger Co. is vicariously liable for the actions of its employees, agents, and servants including Defendant Baljinder Singh.

256.    On the 5th day of January, 2025, Defendant Baljinder Singh, while in the course and scope of his employment with The Kroger Co., while operating the tractor-trailer at the aforementioned time and place, then and there committed one or more of the following negligent acts or omissions:

a.    Failing to keep such proper lookout and attention to the roadway as a person of ordinary prudence would have kept under the same or similar circumstances;

b.    Failing to control the speed of his tractor-trailer;

c.    Failing to decrease speed to use due care and avoid colliding with Plaintiff's vehicle pursuant to 625 ILCS 5/11-601(a);

d.    Failing to keep the proper lookout 12-15 seconds ahead for vehicles such as the one Plaintiff was operating while driving the tractor-trailer;

e.    Failing to keep an assured safe distance from Plaintiff's vehicle;

f.    Failing to timely apply the brakes of his tractor-trailer in order to avoid the collision in question;

g.    Failing to turn his tractor-trailer in an effort to avoid the collision; and

257.    As a direct and proximate result of one or more of the foregoing wrongful acts and/or omissions of Defendant The Kroger Co., Plaintiff Arik Cox, Jr. was seriously and permanently injured. As a result of Plaintiff Arik Cox, Jr.'s injuries, Plaintiff Arik Cox, Jr. suffered the following damages:

a.    Medical expenses in the past and future;

b.    Lost wages in the past and loss of earning capacity in the future;

c.    Property damage and loss of use;

d.    Disfigurement;

e.    Physical pain and suffering in the past and future;

f.    Mental anguish in the past and future; and

COMPLAINT - Page 63

g.      Disability or loss of normal life.

WHEREFORE, the Plaintiff, Arik Cox, Jr., prays for judgment against the Defendant, The Kroger Co., in such an amount and sum in excess of and over SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), held jointly and severally liable, as will fairly and adequately compensate the Plaintiffs for injuries, losses, and damages as herein above alleged, costs of suit, and for such other and further relief which this Honorable Court deems fair and just.

## COUNT XXIX:

### ARIK COX, JR. CLAIM FOR NEGLIGENCE AGAINST DEFENDANT THE KROGER CO.

258.    Plaintiff adopts and re-allege all prior paragraphs as if fully set forth herein.

259.    At the time of the motor vehicle collision, Defendant Baljinder Singh, while in the course and scope of his employment with and operating under the Federal Motor Carrier authority of The Kroger Co., was operating his tractor-trailer on Eastbound Interstate 70, approximately 0.25 Mile west of Milepost 123, within the city limits of Vevay Park, Cumberland County, Illinois.

260.    At all relevant times, it was the duty of Defendant The Kroger Co.to ensure that its employee, Defendant Baljinder Singh, was properly trained and following the Illinois Rules of the Road.

261.    At all relevant times, it was the duty of Defendant The Kroger Co.to ensure that its employee, Defendant Baljinder Singh, was educated in the Illinois Rules of the Road, regulations under the Federal Motor Carrier, and CDL safety regulations, and that Baljinder Singh complied with those regulations.

262.    At all relevant times, it was the duty of Defendant The Kroger Co.to ensure its employee, Defendant Baljinder Singh, was a safe driver who was competent in driving a tractor-trailer and was able to drive for the company in a way that was safe to the general public.

263.    Specifically, Defendant The Kroger Co.had a duty to exercise ordinary care and ensure that Baljinder Singh, was able to operate his tractor-trailer reasonably and prudently. Defendant breached that duty in one or more of the following respects:

a.      Failing to train or ensure that Baljinder Singh knew to keep such proper lookout and attention to the roadway as a person of ordinary prudence would have kept under the same or similar circumstances;

b.      Failing to train or ensure that Baljinder Singh knew to keep the proper lookout 12-15 seconds ahead for vehicles such as the one Plaintiff was operating while driving the tractor-trailer;

c.      Failing to train or ensure that Baljinder Singh knew to control the speed of his tractor-trailer;

d.      Failing to train or ensure that Baljinder Singh knew to keep an assured safe distance from Plaintiff's vehicle;

e.      Failing to train or ensure that Baljinder Singh knew to timely apply the brakes of his tractor-trailer in order to avoid the collision in question;

f.      Failing to train or ensure that Baljinder Singh knew to decrease speed to use due care and avoid colliding with Plaintiff's vehicle pursuant to 625 ILCS 5/11-601(a);

g.      Failing to train or ensure that Baljinder Singh knew to turn his tractor-trailer in an effort to avoid the collision; and

264.    As a direct and proximate result of one or more of the foregoing wrongful acts and/or omissions of Defendant The Kroger Co., Plaintiff Arik Cox, Jr. was seriously and permanently injured. As a result of Plaintiff Arik Cox, Jr.'s injuries, Plaintiff Arik Cox, Jr. suffered the following damages:

a.      Medical expenses in the past and future;

b.      Lost wages in the past and loss of earning capacity in the future;

c.      Property damage and loss of use;

d.      Disfigurement;

e.      Physical pain and suffering in the past and future;

f.      Mental anguish in the past and future; and

g.      Disability or loss of normal life.

WHEREFORE, the Plaintiff, Arik Cox, Jr., prays for judgment against the Defendant, The Kroger Co., in such an amount and sum in excess of and over SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), held jointly and severally liable, as will fairly and adequately compensate the Plaintiffs for injuries, losses, and damages as herein above alleged, costs of suit, and for such other and further relief which this Honorable Court deems fair and just.

## COUNT XXX:
## ARIK COX, JR. CLAIM FOR NEGLIGENT SELECTION OF DOUBLE BROKER AGAINST DEFENDANT THE KROGER CO.

265.    Plaintiff adopts and re-allege all prior paragraphs as if fully set forth herein.

266.    At all times relevant hereto, Defendant The Kroger Co. was a shipper and/or receiver of goods engaged in the transportation of freight in interstate commerce.

267.    Defendant The Kroger Co. hired, engaged, and/or contracted with Defendant Rani Transportation, Inc. to transport and/or arrange for the transportation of goods on its behalf.

268.    Defendant The Kroger Co. knew or should have known that Defendant Rani Transportation, Inc. would double-broker the load to another motor carrier, including Defendant Sahi Brothers, Inc.

COMPLAINT - Page 66

269.    Defendant The Kroger Co. had a duty to exercise reasonable care in the selection of Rani Transportation, Inc. as a broker and/or carrier, knowing that Rani Transportation, Inc. would double-broker the load to a motor carrier such as Sahi Brothers, Inc.

270.    Defendant The Kroger Co. breached its duty of care in one or more of the following respects:

a.    Failing to exercise reasonable care in selecting Rani Transportation, Inc. as a carrier and/or broker;

b.    Failing to investigate or verify the practices, safety record, qualifications, and/or fitness of Rani Transportation, Inc. before engaging it;

c.    Failing to ensure that Rani Transportation, Inc. would not double-broker loads to unqualified or unsafe motor carriers;

d.    Failing to ensure that Rani Transportation, Inc. exercised reasonable care in the selection of motor carriers to whom it assigned loads;

271.    As a direct and proximate result of one or more of the foregoing wrongful acts and/or omissions of Defendant The Kroger Co., Plaintiff Arik Cox, Jr. was seriously and permanently injured. As a result of Plaintiff Arik Cox, Jr.'s injuries, Plaintiff Arik Cox, Jr. suffered the following damages:

a.    Medical expenses in the past and future;

b.    Lost wages in the past and loss of earning capacity in the future;

c.    Property damage and loss of use;

d.    Disfigurement;

e.    Physical pain and suffering in the past and future;

f.    Mental anguish in the past and future; and

g.    Disability or loss of normal life.

WHEREFORE, the Plaintiff, Arik Cox, Jr., prays for judgment against the Defendant, The Kroger Co., in such an amount and sum in excess of and over SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), held jointly and severally liable, as will fairly and adequately compensate the Plaintiffs for injuries, losses, and damages as herein above alleged, costs of suit, and for such other and further relief which this Honorable Court deems fair and just.

## COUNT XXXI:
## MANUEL COX CLAIM FOR NEGLIGENCE AGAINST BALJINDER SINGH

272.    Plaintiff adopts and re-alleges all prior paragraphs as if fully set forth herein.

273.    At the time of the motor vehicle collision, Defendant Baljinder Singh, while in the course and scope of his employment/agency with and operating under the Federal Motor Carrier authority of Sahi Brothers, Inc., was operating his tractor-trailer on Eastbound Interstate 70, approximately 0.25 Mile west of Milepost 123, within the city limits of Vevay Park, Cumberland County, Illinois.

274.    At all relevant times, it was the duty of the Defendant to operate, maintain, and control his tractor-trailer in a manner so as not to negligently cause injury to persons lawfully on the public way, including Plaintiffs.

275.    Specifically, Defendant Baljinder Singh had a duty to exercise ordinary care and operate his tractor-trailer reasonably and prudently.  Defendant breached that duty in one or more of the following respects:

a.    Failing to keep such proper lookout and attention to the roadway as a person of ordinary prudence would have kept under the same or similar circumstances;

b.    Failing to control the speed of his tractor-trailer;

c.      Failing to decrease speed to use due care and avoid colliding with Plaintiff's vehicle pursuant to 625 ILCS 5/11-601(a);

d.      Failing to keep the proper lookout 12 to 15 seconds ahead for vehicles, such as the one Plaintiff Manuel Cox was operating, while driving his tractor-trailer;

e.      Failing to keep an assured safe distance from Plaintiff's vehicle;

f.      Failing to timely apply the brakes of his tractor-trailer in order to avoid the collision in question;

g.      Failing to turn his tractor-trailer in an effort to avoid the collision; and

276.    As a direct and proximate result of one or more of the foregoing wrongful acts and/or omissions of Defendant Baljinder Singh, Plaintiff Manuel Cox was seriously and permanently injured. As a result of Plaintiff Manuel Cox's injuries, Plaintiff Manuel Cox suffered the following damages:

a.      Medical expenses in the past and future;

b.      Lost wages in the past and loss of earning capacity in the future;

c.      Property damage and the loss of use;

d.      Disfigurement;

e.      Physical pain and suffering in the past and future;

f.      Mental anguish in the past and future; and

g.      Disability or loss of normal life.

WHEREFORE, the Plaintiff, Manuel Cox, prays for judgment against the Defendant, Baljinder Singh, in such an amount and sum in excess of and over SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), held jointly and severally liable, as will fairly and adequately compensate the Plaintiffs for injuries, losses, and damages as herein above alleged,

COMPLAINT - Page 69

costs of suit, and for such other and further relief which this Honorable Court deems fair and just.

## COUNT XXXII:
## MANUEL COX CLAIM OF RESPONDEAT SUPERIOR AGAINST DEFENDANT SAHI BROTHERS, INC.

277.    Plaintiff adopts and re-alleges all prior paragraphs as if fully set forth herein.

278.    On the 5th day of January, 2025, and at all times relevant hereto, Defendant Sahi Brothers, Inc. was a motor carrier under the Federal Motor Carrier Safety Regulations ("FMCSR").

279.    At said time and place, Defendant Baljinder Singh was operating the tractor-trailer with the consent of Defendant Sahi Brothers, Inc.

280.    At said time and place, Defendant Baljinder Singh was operating the tractor-trailer in the course and scope of his employment with Defendant Sahi Brothers, Inc.

281.    At said time and place, Defendant Baljinder Singh was operating a tractor-trailer owned and registered to the Defendant, Sahi Brothers, Inc.

282.    At said time and place, Defendant Baljinder Singh was operating the tractor-trailer under the operating authority of the Defendant, Sahi Brothers, Inc., with the knowledge, consent and/or implied permission of Defendant Sahi Brothers, Inc.

283.    At the aforesaid time, and all relevant times herein, Defendant Sahi Brothers, Inc. had a right of control over its employee and/or agent, Defendant Baljinder Singh, in the operation of the aforesaid motor vehicle.

284.    At the aforesaid time, and all relevant times herein, said employee and/or agent of Defendant Sahi Brothers, Inc., Defendant Baljinder Singh, was conducting himself in such a

COMPLAINT - Page 70

manner as to cause members of the general public, including the Plaintiffs, to believe that he was an employee and/or agent of the Defendant Sahi Brothers, Inc.

285.    At said time and place, and at all times relevant to this matter, it was the duty of Defendant Sahi Brothers, Inc., by and through its agent, Baljinder Singh, to operate the tractor-trailer with ordinary care for the safety of others and the property of others there and then upon the roadway.

286.    At all times relevant hereto, Defendant Sahi Brothers, Inc. is vicariously liable for the actions of its employees, agents, and servants including Defendant Baljinder Singh.

287.    On the 5th day of January, 2025, Defendant Baljinder Singh, while in the course and scope of his employment with Sahi Brothers, Inc., while operating the tractor-trailer at the aforementioned time and place, then and there committed one or more of the following negligent acts or omissions:

a.    Failing to keep such proper lookout and attention to the roadway as a person of ordinary prudence would have kept under the same or similar circumstances;

b.    Failing to control the speed of his tractor-trailer;

c.    Failing to decrease speed to use due care and avoid colliding with Plaintiff's vehicle pursuant to 625 ILCS 5/11-601(a);

d.    Failing to keep the proper lookout 12-15 seconds ahead for vehicles such as the one Plaintiff Manuel Cox was operating while driving the tractor-trailer;

e.    Failing to keep an assured safe distance from Plaintiff's vehicle;

f.    Failing to timely apply the brakes of his tractor-trailer in order to avoid the collision in question;

g.    Failing to turn his tractor-trailer in an effort to avoid the collision;

288.    As a direct and proximate result of one or more of the foregoing wrongful acts and/or omissions of Defendant Sahi Brothers, Inc., Plaintiff Manuel Cox was seriously and permanently

COMPLAINT - Page 71

injured. As a result of Plaintiff Manuel Cox 's injuries, Plaintiff Manuel Cox suffered the following damages:

a.      Medical expenses in the past and future;

b.      Lost wages in the past and loss of earning capacity in the future;

c.      Property damage and the loss of use;

d.      Disfigurement;

e.      Physical pain and suffering in the past and future;

f.      Mental anguish in the past and future; and

g.      Disability or loss of normal life.

WHEREFORE, the Plaintiff, Manuel Cox, prays for judgment against the Defendant, Sahi Brothers, Inc., in such an amount and sum in excess of and over SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), held jointly and severally liable, as will fairly and adequately compensate the Plaintiffs for injuries, losses, and damages as herein above alleged, costs of suit, and for such other and further relief which this Honorable Court deems fair and just.

## COUNT XXXIII:
### MANUEL COX CLAIM FOR NEGLIGENCE AGAINST DEFENDANT SAHI BROTHERS, INC.

289.    Plaintiff adopts and re-alleges all prior paragraphs as if fully set forth herein.

290.    At the time of the motor vehicle collision, Defendant Baljinder Singh, while in the course and scope of his employment with and operating under the Federal Motor Carrier authority of Sahi Brothers, Inc., was operating his tractor-trailer on Eastbound Interstate 70, approximately 0.25 Mile west of Milepost 123, within the city limits of Vevay Park, Cumberland County, Illinois.

291.    At all relevant times, it was the duty of Defendant Sahi Brothers, Inc. to ensure that its employee, Defendant Baljinder Singh, was properly trained and following the Illinois Rules of the Road.

292.    At all relevant times, it was the duty of Defendant Sahi Brothers, Inc. to ensure that its employee, Defendant Baljinder Singh, was educated in the Illinois Rules of the Road, regulations under the Federal Motor Carrier, and CDL safety regulations, and that Baljinder Singh complied with those regulations.

293.    At all relevant times, it was the duty of Defendant Sahi Brothers, Inc. to ensure its employee, Defendant Baljinder Singh, was a safe driver who was competent in driving a tractor-trailer and was able to drive for the company in a way that was safe to the general public.

294.    Specifically, Defendant Sahi Brothers, Inc. had a duty to exercise ordinary care and ensure that Baljinder Singh, was able to operate his tractor-trailer reasonably and prudently. Defendant breached that duty in one or more of the following respects:

a.    Failing to train or ensure that Baljinder Singh knew to keep such proper lookout and attention to the roadway as a person of ordinary prudence would have kept under the same or similar circumstances;

b.    Failing to train or ensure that Baljinder Singh knew to keep the proper lookout 12-15 seconds ahead for vehicles such as the one Plaintiff Manuel Cox was operating while driving the tractor-trailer;

c.    Failing to train or ensure that Baljinder Singh knew to control the speed of his tractor-trailer;

d.    Failing to train or ensure that Baljinder Singh knew to keep an assured safe distance from Plaintiff's vehicle;

e.    Failing to train or ensure that Baljinder Singh knew to timely apply the brakes of his tractor-trailer in order to avoid the collision in question;

f.    Failing to train or ensure that Baljinder Singh knew to decrease speed to use due care and avoid colliding with Plaintiff's vehicle pursuant to 625 ILCS 5/11-601(a);

COMPLAINT - Page 73

g.      Failing to train or ensure that Baljinder Singh knew to turn his tractor-trailer in an effort to avoid the collision; and

295.    As a direct and proximate result of one or more of the foregoing wrongful acts and/or omissions of Defendant Sahi Brothers, Inc., Plaintiff Manuel Cox was seriously and permanently injured. As a result of Plaintiff Manuel Cox 's injuries, Plaintiff Manuel Cox suffered the following damages:

a.      Medical expenses in the past and future;

b.      Lost wages in the past and loss of earning capacity in the future;

c.      Property damage and loss of use;

d.      Disfigurement;

e.      Physical pain and suffering in the past and future;

f.      Mental anguish in the past and future; and

g.      Disability or loss of normal life;

WHEREFORE, the Plaintiff, Manuel Cox, prays for judgment against the Defendant, Sahi Brothers, Inc., in such an amount and sum in excess of and over SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), held jointly and severally liable, as will fairly and adequately compensate the Plaintiffs for injuries, losses, and damages as herein above alleged, costs of suit, and for such other and further relief which this Honorable Court deems fair and just.

**COUNT XXXIV:**
**MANUEL COX CLAIM FOR NEGLIGENT BROKERAGE AGAINST DEFENDANT RANI TRANSPORTATION, INC.**

296.    Plaintiff adopts and re-alleges all prior paragraphs as if fully set forth herein.

COMPLAINT - Page 74

297.    At all times relevant hereto, Defendant Rani Transportation, Inc. was a motor carrier and/or freight broker engaged in the business of arranging for the transportation of freight and cargo in interstate commerce.

298.    Defendant The Kroger Co. hired and/or engaged Defendant Rani Transportation, Inc. to transport and/or arrange for the transportation of goods. Defendant Rani Transportation, Inc. thereafter double-brokered the load to Defendant Sahi Brothers, Inc.

299.    Defendant Rani Transportation, Inc. had a duty to exercise reasonable care in the brokerage and/or arrangement of the transportation of freight, including a duty to exercise reasonable care in the selection of motor carriers to whom it brokered or assigned loads.

300.    Defendant Rani Transportation, Inc. breached its duty of care in one or more of the following respects:

301.    Failing to exercise reasonable care in selecting Sahi Brothers, Inc. as a motor carrier to transport the load;

a.    Failing to investigate or verify the safety record, qualifications, and/or fitness of Sahi Brothers, Inc. before brokering the load;

b.    Failing to ensure that Sahi Brothers, Inc. maintained adequate safety standards and compliance with Federal Motor Carrier Safety Regulations;

c.    Failing to verify that the driver assigned by Sahi Brothers, Inc., Defendant Baljinder Singh, was properly qualified, trained, and fit to operate a tractor-trailer;

302.    As a direct and proximate result of one or more of the foregoing wrongful acts and/or omissions of Defendant Rani Transportation, Inc., Plaintiff Manuel Cox was seriously and permanently injured. As a result of Plaintiff Manuel Cox's injuries, Plaintiff Manuel Cox suffered the following damages:

a.    Medical expenses in the past and future;

b.      Lost wages in the past and loss of earning capacity in the future;

c.      Property damage and loss of use;

d.      Disfigurement;

e.      Physical pain and suffering in the past and future;

f.      Mental anguish in the past and future; and

g.      Disability or loss of normal life;

WHEREFORE, the Plaintiff, Manuel Cox, prays for judgment against the Defendant, Rani Transportation, Inc., in such an amount and sum in excess of and over SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), held jointly and severally liable, as will fairly and adequately compensate the Plaintiffs for injuries, losses, and damages as herein above alleged, costs of suit, and for such other and further relief which this Honorable Court deems fair and just.

## COUNT XXXV:
### MANUEL COX CLAIMS FOR RESPONDEAT SUPERIOR AGAINST DEFENDANT RANI TRANSPORTATION, INC.

303.    Plaintiff adopts and re-alleges all prior paragraphs as if fully set forth herein.

304.    On the 5th day of January, 2025, and at all times relevant hereto, Defendant Rani Transportation, Inc. was a motor carrier under the Federal Motor Carrier Safety Regulations ("FMCSR").

305.    At said time and place, Defendant Baljinder Singh was operating the tractor-trailer with the consent of Defendant Rani Transportation, Inc.

306.    At said time and place, Defendant Baljinder Singh was operating the tractor-trailer in the course and scope of his employment with Defendant Rani Transportation, Inc.

307.    At said time and place, Defendant Baljinder Singh was operating a tractor-trailer owned and registered to the Defendant, Rani Transportation, Inc.

308.    At said time and place, Defendant Baljinder Singh was operating the tractor-trailer under the operating authority of the Defendant, Rani Transportation, Inc., with the knowledge, consent and/or implied permission of Defendant Rani Transportation, Inc.

309.    At the aforesaid time, and all relevant times herein, Defendant Rani Transportation, Inc. had a right of control over its employee and/or agent, Defendant Baljinder Singh, in the operation of the aforesaid motor vehicle.

310.    At the aforesaid time, and all relevant times herein, said employee and/or agent of Defendant Rani Transportation, Inc., Defendant Baljinder Singh, was conducting himself in such a manner as to cause members of the general public, including the Plaintiffs, to believe that he was an employee and/or agent of the Defendant Rani Transportation, Inc.

311.    At said time and place, and at all times relevant to this matter, it was the duty of Defendant Rani Transportation, Inc., by and through its agent, Baljinder Singh, to operate the tractor-trailer with ordinary care for the safety of others and the property of others there and then upon the roadway.

312.    At all times relevant hereto, Defendant Rani Transportation, Inc. is vicariously liable for the actions of its employees, agents, and servants including Defendant Baljinder Singh.

313.    On the 5th day of January, 2025, Defendant Baljinder Singh, while in the course and scope of his employment with Rani Transportation, Inc., while operating the tractor-trailer at the aforementioned time and place, then and there committed one or more of the following negligent acts or omissions:

COMPLAINT - Page 77

a.      Failing to keep such proper lookout and attention to the roadway as a person of ordinary prudence would have kept under the same or similar circumstances;

b.      Failing to control the speed of his tractor-trailer;

c.      Failing to decrease speed to use due care and avoid colliding with Plaintiff's vehicle pursuant to 625 ILCS 5/11-601(a);

d.      Failing to keep the proper lookout 12-15 seconds ahead for vehicles such as the one Plaintiff was operating while driving the tractor-trailer;

e.      Failing to keep an assured safe distance from Plaintiff's vehicle;

f.      Failing to timely apply the brakes of his tractor-trailer in order to avoid the collision in question;

g.      Failing to turn his tractor-trailer in an effort to avoid the collision; and

314.    As a direct and proximate result of one or more of the foregoing wrongful acts and/or omissions of Defendant Rani Transportation, Inc., Plaintiff Manuel Cox was seriously and permanently injured. As a result of Plaintiff Manuel Cox 's injuries, Plaintiff Manuel Cox suffered the following damages:

a.      Medical expenses in the past and future;

b.      Lost wages in the past and loss of earning capacity in the future;

c.      Property damage and loss of use;

d.      Disfigurement;

e.      Physical pain and suffering in the past and future;

f.      Mental anguish in the past and future; and

g.      Disability or loss of normal life.

WHEREFORE, the Plaintiff, Manuel Cox, prays for judgment against the Defendant, Rani Transportation, Inc., in such an amount and sum in excess of and over SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), held jointly and severally liable, as will fairly and

COMPLAINT - Page 78

adequately compensate the Plaintiffs for injuries, losses, and damages as herein above alleged, costs of suit, and for such other and further relief which this Honorable Court deems fair and just.

## COUNT XXXVI:

### MANUEL COX CLAIM FOR NEGLIGENCE AGAINST DEFENDANT RANI TRANSPORTATION, INC.

315.    Plaintiff adopts and re-alleges all prior paragraphs as if fully set forth herein.

316.    At the time of the motor vehicle collision, Defendant Baljinder Singh, while in the course and scope of his employment with and operating under the Federal Motor Carrier authority of Rani Transportation, Inc., was operating his tractor-trailer on Eastbound Interstate 70, approximately 0.25 Mile west of Milepost 123, within the city limits of Vevay Park, Cumberland County, Illinois.

317.    At all relevant times, it was the duty of Defendant Rani Transportation, Inc. to ensure that its employee, Defendant Baljinder Singh, was properly trained and following the Illinois Rules of the Road.

318.    At all relevant times, it was the duty of Defendant Rani Transportation, Inc. to ensure that its employee, Defendant Baljinder Singh, was educated in the Illinois Rules of the Road, regulations under the Federal Motor Carrier, and CDL safety regulations, and that Baljinder Singh complied with those regulations.

319.    Specifically, Defendant Rani Transportation, Inc. had a duty to exercise ordinary care and ensure that Baljinder Singh, was able to operate his tractor-trailer reasonably and prudently. Defendant breached that duty in one or more of the following respects:

a.    Failing to train or ensure that Baljinder Singh knew to keep such proper lookout and attention to the roadway as a person of ordinary prudence would have kept under the same or similar circumstances;

b.    Failing to train or ensure that Baljinder Singh knew to keep the proper lookout 12-15 seconds ahead for vehicles such as the one Plaintiff was operating while driving the tractor-trailer;

c.    Failing to train or ensure that Baljinder Singh knew to control the speed of his tractor-trailer;

d.    Failing to train or ensure that Baljinder Singh knew to keep an assured safe distance from Plaintiff's vehicle;

e.    Failing to train or ensure that Baljinder Singh knew to timely apply the brakes of his tractor-trailer in order to avoid the collision in question;

f.    Failing to train or ensure that Baljinder Singh knew to decrease speed to use due care and avoid colliding with Plaintiff's vehicle pursuant to 625 ILCS 5/11-601(a);

g.    Failing to train or ensure that Baljinder Singh knew to turn his tractor-trailer in an effort to avoid the collision; and

320.    As a direct and proximate result of one or more of the foregoing wrongful acts and/or omissions of Defendant Rani Transportation, Inc., Plaintiff Manuel Cox was seriously and permanently injured. As a result of Plaintiff Manuel Cox 's injuries, Plaintiff Manuel Cox suffered the following damages:

a.    Medical expenses in the past and future;

b.    Lost wages in the past and loss of earning capacity in the future;

c.    Property damage and loss of use;

d.    Disfigurement;

e.    Physical pain and suffering in the past and future;

f.    Mental anguish in the past and future; and

g.    Disability or loss of normal life.

WHEREFORE, the Plaintiff, Manuel Cox, prays for judgment against the Defendant, Rani Transportation, Inc., in such an amount and sum in excess of and over SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), held jointly and severally liable, as will fairly and adequately compensate the Plaintiffs for injuries, losses, and damages as herein above alleged, costs of suit, and for such other and further relief which this Honorable Court deems fair and just.

**<u>COUNT XXXVII:</u>**
**MANUEL COX CLAIM FOR NEGLIGENT SELECTION OF MOTOR CARRIER AGAINST DEFENDANT THE KROGER CO.**

321.    Plaintiff adopts and re-alleges all prior paragraphs as if fully set forth herein.

322.    At all times relevant hereto, Defendant The Kroger Co. was a shipper and/or receiver of goods engaged in the transportation of freight in interstate commerce.

323.    Defendant The Kroger Co. hired, engaged, and/or contracted with Defendant Sahi Brothers, Inc. as a motor carrier to transport goods on its behalf.

324.    Defendant The Kroger Co. had a duty to exercise reasonable care in the selection of a motor carrier to transport goods on its behalf, including a duty to investigate the safety record, qualifications, and fitness of any motor carrier it engaged.

325.    Defendant The Kroger Co. breached its duty of care in one or more of the following respects:

a.      Failing to exercise reasonable care in selecting Sahi Brothers, Inc. as a motor carrier;

b.      Failing to investigate or verify the safety record, qualifications, and/or fitness of Sahi Brothers, Inc. before engaging it to transport goods;

c.      Failing to ensure that Sahi Brothers, Inc. maintained adequate safety standards and compliance with Federal Motor Carrier Safety Regulations;

COMPLAINT - Page 81

d.     Failing to verify that the drivers employed by Sahi Brothers, Inc. were properly qualified, trained, and fit to operate tractor-trailers;

326.     As a direct and proximate result of one or more of the foregoing wrongful acts and/or omissions of Defendant The Kroger Co., Plaintiff Manuel Cox was seriously and permanently injured. As a result of Plaintiff Manuel Cox's injuries, Plaintiff Manuel Cox suffered the following damages:

a.     Medical expenses in the past and future;

b.     Lost wages in the past and loss of earning capacity in the future;

c.     Property damage and loss of use;

d.     Disfigurement;

e.     Physical pain and suffering in the past and future;

f.     Mental anguish in the past and future; and

g.     Disability or loss of normal life.

WHEREFORE, the Plaintiff, Manuel Cox, prays for judgment against the Defendant, The Kroger Co., in such an amount and sum in excess of and over SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), held jointly and severally liable, as will fairly and adequately compensate the Plaintiffs for injuries, losses, and damages as herein above alleged, costs of suit, and for such other and further relief which this Honorable Court deems fair and just.

### COUNT XXVIII:
### MANUEL COX CLAIMS FOR RESPONDEAT SUPERIOR AGAINST DEFENDANT THE KROGER CO.

327.     Plaintiff adopts and re-alleges all prior paragraphs as if fully set forth herein.

328.     On the 5th day of January, 2025, and at all times relevant hereto, Defendant The Kroger Co. was a motor carrier under the Federal Motor Carrier Safety Regulations ("FMCSR").

COMPLAINT - Page 82

329.     At said time and place, Defendant Baljinder Singh was operating the tractor-trailer with the consent of Defendant The Kroger Co.

330.     At said time and place, Defendant Baljinder Singh was operating the tractor-trailer in the course and scope of his employment with Defendant The Kroger Co.

331.     At said time and place, Defendant Baljinder Singh was operating a tractor-trailer owned and registered to the Defendant, The Kroger Co.

332.     At said time and place, Defendant Baljinder Singh was operating the tractor-trailer under the operating authority of the Defendant, The Kroger Co., with the knowledge, consent and/or implied permission of Defendant The Kroger Co.

333.     At the aforesaid time, and all relevant times herein, Defendant The Kroger Co. had a right of control over its employee and/or agent, Defendant Baljinder Singh, in the operation of the aforesaid motor vehicle.

334.     At the aforesaid time, and all relevant times herein, said employee and/or agent of Defendant The Kroger Co., Defendant Baljinder Singh, was conducting himself in such a manner as to cause members of the general public, including the Plaintiffs, to believe that he was an employee and/or agent of the Defendant The Kroger Co.

335.     At said time and place, and at all times relevant to this matter, it was the duty of Defendant The Kroger Co., by and through its agent, Baljinder Singh, to operate the tractor-trailer with ordinary care for the safety of others and the property of others there and then upon the roadway.

336.     At all times relevant hereto, Defendant The Kroger Co. is vicariously liable for the actions of its employees, agents, and servants including Defendant Baljinder Singh.

337.    On the 5th day of January, 2025, Defendant Baljinder Singh, while in the course and scope of his employment with The Kroger Co., while operating the tractor-trailer at the aforementioned time and place, then and there committed one or more of the following negligent acts or omissions:

a.    Failing to keep such proper lookout and attention to the roadway as a person of ordinary prudence would have kept under the same or similar circumstances;

b.    Failing to control the speed of his tractor-trailer;

c.    Failing to decrease speed to use due care and avoid colliding with Plaintiff's vehicle pursuant to 625 ILCS 5/11-601(a);

d.    Failing to keep the proper lookout 12-15 seconds ahead for vehicles such as the one Plaintiff was operating while driving the tractor-trailer;

e.    Failing to keep an assured safe distance from Plaintiff's vehicle;

f.    Failing to timely apply the brakes of his tractor-trailer in order to avoid the collision in question;

g.    Failing to turn his tractor-trailer in an effort to avoid the collision; and

338.    As a direct and proximate result of one or more of the foregoing wrongful acts and/or omissions of Defendant The Kroger Co., Plaintiff Manuel Cox was seriously and permanently injured. As a result of Plaintiff Manuel Cox's injuries, Plaintiff Manuel Cox suffered the following damages:

a.    Medical expenses in the past and future;

b.    Lost wages in the past and loss of earning capacity in the future;

c.    Property damage and loss of use;

d.    Disfigurement;

e.    Physical pain and suffering in the past and future;

f.    Mental anguish in the past and future; and

COMPLAINT - Page 84

g.      Disability or loss of normal life.

WHEREFORE, the Plaintiff, Manuel Cox, prays for judgment against the Defendant, The Kroger Co., in such an amount and sum in excess of and over SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), held jointly and severally liable, as will fairly and adequately compensate the Plaintiffs for injuries, losses, and damages as herein above alleged, costs of suit, and for such other and further relief which this Honorable Court deems fair and just.

## COUNT XXXIX:

**MANUEL COX CLAIM FOR NEGLIGENCE AGAINST DEFENDANT THE KROGER CO.**

339.    Plaintiff adopts and re-allege all prior paragraphs as if fully set forth herein.

340.    At the time of the motor vehicle collision, Defendant Baljinder Singh, while in the course and scope of his employment with and operating under the Federal Motor Carrier authority of The Kroger Co., was operating his tractor-trailer on Eastbound Interstate 70, approximately 0.25 Mile west of Milepost 123, within the city limits of Vevay Park, Cumberland County, Illinois.

341.    At all relevant times, it was the duty of Defendant The Kroger Co.to ensure that its employee, Defendant Baljinder Singh, was properly trained and following the Illinois Rules of the Road.

342.    At all relevant times, it was the duty of Defendant The Kroger Co.to ensure that its employee, Defendant Baljinder Singh, was educated in the Illinois Rules of the Road, regulations under the Federal Motor Carrier, and CDL safety regulations, and that Baljinder Singh complied with those regulations.

343.    At all relevant times, it was the duty of Defendant The Kroger Co.to ensure its employee, Defendant Baljinder Singh, was a safe driver who was competent in driving a tractor-trailer and was able to drive for the company in a way that was safe to the general public.

344.    Specifically, Defendant The Kroger Co. had a duty to exercise ordinary care and ensure that Baljinder Singh, was able to operate his tractor-trailer reasonably and prudently. Defendant breached that duty in one or more of the following respects:

a.    Failing to train or ensure that Baljinder Singh knew to keep such proper lookout and attention to the roadway as a person of ordinary prudence would have kept under the same or similar circumstances;

b.    Failing to train or ensure that Baljinder Singh knew to keep the proper lookout 12-15 seconds ahead for vehicles such as the one Plaintiff was operating while driving the tractor-trailer;

c.    Failing to train or ensure that Baljinder Singh knew to control the speed of his tractor-trailer;

d.    Failing to train or ensure that Baljinder Singh knew to keep an assured safe distance from Plaintiff's vehicle;

e.    Failing to train or ensure that Baljinder Singh knew to timely apply the brakes of his tractor-trailer in order to avoid the collision in question;

f.    Failing to train or ensure that Baljinder Singh knew to decrease speed to use due care and avoid colliding with Plaintiff's vehicle pursuant to 625 ILCS 5/11-601(a);

g.    Failing to train or ensure that Baljinder Singh knew to turn his tractor-trailer in an effort to avoid the collision; and

345.    As a direct and proximate result of one or more of the foregoing wrongful acts and/or omissions of Defendant The Kroger Co., Plaintiff Manuel Cox was seriously and permanently injured. As a result of Plaintiff Manuel Cox's injuries, Plaintiff Manuel Cox suffered the following damages:

a.    Medical expenses in the past and future;

b.      Lost wages in the past and loss of earning capacity in the future;

c.      Property damage and loss of use;

d.      Disfigurement;

e.      Physical pain and suffering in the past and future;

f.      Mental anguish in the past and future; and

g.      Disability or loss of normal life.

WHEREFORE, the Plaintiff, Manuel Cox, prays for judgment against the Defendant, The Kroger Co., in such an amount and sum in excess of and over SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), held jointly and severally liable, as will fairly and adequately compensate the Plaintiffs for injuries, losses, and damages as herein above alleged, costs of suit, and for such other and further relief which this Honorable Court deems fair and just.

**COUNT XL:**
**MANUEL COX CLAIM FOR NEGLIGENT SELECTION OF DOUBLE BROKER**
**AGAINST DEFENDANT THE KROGER CO.**

346.    Plaintiff adopts and re-allege all prior paragraphs as if fully set forth herein.

347.    At all times relevant hereto, Defendant The Kroger Co. was a shipper and/or receiver of goods engaged in the transportation of freight in interstate commerce.

348.    Defendant The Kroger Co. hired, engaged, and/or contracted with Defendant Rani Transportation, Inc. to transport and/or arrange for the transportation of goods on its behalf.

349.    Defendant The Kroger Co. knew or should have known that Defendant Rani Transportation, Inc. would double-broker the load to another motor carrier, including Defendant Sahi Brothers, Inc.

COMPLAINT - Page 87

350. Defendant The Kroger Co. had a duty to exercise reasonable care in the selection of Rani Transportation, Inc. as a broker and/or carrier, knowing that Rani Transportation, Inc. would double-broker the load to a motor carrier such as Sahi Brothers, Inc.

351. Defendant The Kroger Co. breached its duty of care in one or more of the following respects:

a.      Failing to exercise reasonable care in selecting Rani Transportation, Inc. as a carrier and/or broker;

b.      Failing to investigate or verify the practices, safety record, qualifications, and/or fitness of Rani Transportation, Inc. before engaging it;

c.      Failing to ensure that Rani Transportation, Inc. would not double-broker loads to unqualified or unsafe motor carriers;

d.      Failing to ensure that Rani Transportation, Inc. exercised reasonable care in the selection of motor carriers to whom it assigned loads;

352. As a direct and proximate result of one or more of the foregoing wrongful acts and/or omissions of Defendant The Kroger Co., Plaintiff Manuel Cox was seriously and permanently injured. As a result of Plaintiff Manuel Cox's injuries, Plaintiff Manuel Cox suffered the following damages:

a.      Medical expenses in the past and future;

b.      Lost wages in the past and loss of earning capacity in the future;

c.      Property damage and loss of use;

d.      Disfigurement;

e.      Physical pain and suffering in the past and future;

f.      Mental anguish in the past and future; and

g.      Disability or loss of normal life.

COMPLAINT - Page 88

WHEREFORE, the Plaintiff, Manuel Cox, prays for judgment against the Defendant, The Kroger Co., in such an amount and sum in excess of and over SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), held jointly and severally liable, as will fairly and adequately compensate the Plaintiffs for injuries, losses, and damages as herein above alleged, costs of suit, and for such other and further relief which this Honorable Court deems fair and just.

## JURY DEMAND

353.    Plaintiffs, Lashundra Shepherd-Cox, Arik Cox, Arik Cox Jr., and Manuel Cox, demand trial by jury pursuant to FED. R. Civ. P.38 and includes the appropriate jury fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, Lashundra Shepherd-Cox, Arik Cox, Arik Cox Jr., and Manuel Cox, requests Defendants be cited to appear and answer herein and that upon final hearing thereof, Plaintiffs have:

a.    Judgment against Defendants for Plaintiffs' past medical expenses, which are reasonable and customary for the medical care received by Plaintiff;

b.    Judgment against Defendants for Plaintiffs' future medical expenses;

c.    Judgment against Defendants for Plaintiffs' physical pain and suffering in the past and future in an amount to be determined by the jury;

d.    Judgment against Defendants for Plaintiffs' mental anguish in the past and future in an amount to be determined by the jury;

e.    Judgment against Defendants for Plaintiffs' physical impairment in the past and future in an amount to be determined by the jury;

f.    Judgment against Defendants for Plaintiffs' lost wages in the past and lost earning capacity in the future;

g.    Judgment against Defendants for Plaintiffs' disfigurement.

h.    Interest on the judgment at the legal rate from the date of judgment;

i.   Pre-judgment interest on Plaintiffs' damages as allowed by law;

j.   All costs of court; and

k.   Such other and further relief to which Plaintiffs may be justly entitled.

Respectfully submitted,

By: _____

Christopher K. Provost

WLG CHICAGO, LLC
Attorneys for Plaintiffs
200 N La Salle Street, Suite 3000
Chicago, IL 60601
(872) 282-9600
(872) 282-8805 (fax)
Email: christopher.provost@witheritelaw.com,
ARDC No. 6343332

COMPLAINT - Page 90